**WALKER v. UNITED STATES et al**
**Civ. No. 2166.**

District Court, S. D. Texas, Houston Division.

Feb. 21, 1947.

J. D. O'Bryant, of Houston, Tex., for plaintiff.

Brian S. Odem, U. S. Atty., and Newton M. Crain, Jr., Asst. U.S.Atty., and Howard S. Hoover, all of Houston, Tex., for defendants.

KENNERLY, District Judge.

This is a suit under the National Service Life Insurance Act of 1940, Section 801 et seq., Title 38 U.S.C.A., by Plaintiff, Essie Walker, the *mother* of Ralph Lee Walker, a soldier (called hereinafter Insured), to recover on a Policy of Insurance issued under such Act to Insured on January 1, 1942, for $10,000. She sues the United States of America and Janice White Walker, the surviving *wife* of the Insured. Janice White Walker, the wife, has answered, claiming such insurance. The Government has answered, setting forth, in effect, that both the *mother* and the *wife* claim the insurance, and prays the Court to determine which is entitled to receive same.

The Insured enlisted *September 26, 1940,* the policy of insurance was issued, with the mother named as beneficiary, *January 1, 1942,* Insured married his wife *October 19, 1942,* and was killed in action *February 8, 1945.* The main question for decision is whether the Insured had at the time of his death made the wife the beneficiary under the policy.

(x) The parties have stipulated some of the facts as follows:

"It is hereby stipulated by all parties hereto that this action arises under the National Service Life Insurance Act of 1940, as amended (U.S.C.A., Title 38, Sections 801–818).

"It is hereby stipulated that all parties hereto are within the jurisdiction of this Honorable Court.

"It is further stipulated that certificate No. N 842,298 of National Service Life Insurance, was issued to the insured Ralph Lee Walker on January 1, 1942, that the amount of said certificate was $10,000.00 Ten Thousand Dollars, and that Mrs. Essie Walker was named beneficiary when the certificate was originally issued.

"It is further stipulated that Ralph Lee Walker was in the armed forces of the United States at the time the said policy was issued, and that he was killed in February 1945, while on active duty with the armed forces of the United States in the Pacific Theater of Operations; and that at that time the said certificate of insurance was in full force and effect.

"It is agreed and stipulated that there is a bona fide dispute involved herein within the meaning of the National Service Life Insurance Act of 1940, as amended, and that it was necessary to resort to the Court to determine the rights of the parties involved.

"It is agreed and stipulated that ten per cent (10%) of the amount recovered is a reasonable attorney's fee for the successful counsel of either Mrs. Jaunise White Walker or Mrs. Essie Walker."

(xx) The Insured married Janice White Walker *October 19, 1942.* Their child, a son, Donald L. Walker, was born *July 31, 1942.* From the time of the marriage on down to the time the Insured left to go overseas, the Insured was constantly making statements, orally and in letters,[1] to his wife and statements to a number of other persons—to some that he intended to cause and to others that he had already caused—the beneficiary in his policy to be changed from his mother to his wife. I think and find that he not only intended to make the change, but I think and find that he did make the change.

1. The Act provides that the Insured shall "subject to regulations" have the right at all times to change the beneficiary.[2]

---

[1] One letter offered was written while he was overseas.

[2] Section 802(g) is as follows: "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent (including person in loco parentis if designated as beneficiary by the insured), brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

The regulations[3] applicable only require the change to be *"by notice in writing signed by the insured and forwarded to the Veterans Administration by the insured or his agent, and containing sufficient information to identify the insured."* It is also provided that wherever practicable, such notice shall be given on blanks prescribed by the Veterans Administration, but this is not required. An ordinary signed letter or memorandum, containing sufficient information, is sufficient.

 While the wife here has the burden to show such notice was given, the fact that it was given may be shown by circumstantial evidence, and all the circumstances here I think point in that direction.

(a) It is shown that after his marriage, Insured made inquiry of his Company Commander about how to make the change of beneficiary from his mother to his wife, and was referred to the Officer whose duty it was to give attention to such matters.

(b) On *November 24, 1942,* the Insured writes his wife a long, affectionate letter, in which he says: "And Janice I'm trying to get the allotment changed, in fact I'm trying to get everything changed to you—my insurance and everything."

A similar letter to his wife, dated *December 1, 1942,* contains this statement about his allotment: "Darling, I'm still trying to get the allotment changed, I've written the allotment board a couple of times and haven't heard anything from them, I'm going to write again tonight and see if I have any better luck, because I've been away from you two long already, and can't stand it much longer."

An undated letter to his wife, mailed *October, 27, 1943,* indicates I think that he had *already* taken up with the proper authorities the matter of his insurance. He says: "Darling, did you ever get my insurance papers? Not that I'm figuring on getting killed but let me know so I can get them for you. O.K.?"

In a V-Mail letter to his wife, postmarked *January 19, 1945,* apparently after Insured had gone overseas and only a short time before he was killed, he says (underscoring mine):

"My Darling Wife & Son,

I suppose you are worring yourself to death about me since you arn't hearing from me, I'm awfully sorry I can't write to you more than I do.

*Baby please don't worry about me, I'll be O.K., you just keep being true, and take care of our Son and I'll try to come home, O.K.? Janice, I still love you, as if I could ever cease to.*

*Do you still say you wouldn't take my insurance money? It would send our Son to school for awhile and I'd want you to take it, and I don't think you'll ever have the opportunity to collect it anyway, Ha.*

Janice, my darling, I still love you as I have always and would give anything to see you again, anything,

All my love forever<br>Your Husband."

The wife explains that when he was home on his last furlough, and they were discussing his insurance, she told him she did not want his insurance *money*; she wanted *him,*—the usual reaction of a good wife.

---

[3] Regulation 10.3447 (Vol. 6, Federal Register, Pages 1165 and 1166) is as follows: "The insured shall have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary to cancel the beneficiary designation, or to change the beneficiary within the class of beneficiaries set forth in 10.3446. A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans Administration by the insured or his agent, and containing sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans Administration. Upon receipt by the Veterans Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution: Provided, That any payment made before proper notice of designation or change of beneficiary has been received in the Veterans Administration shall be deemed to have been properly made and to satisfy fully the obligations of the United States under such insurance policy to the extent of such payments."

(c) There is in evidence a "Report of Death" made by Adjutant General of the War Department to the Veterans Administration, giving full information with respect to the Insured, including the date of his birth, date of his entry into the service, length of service, time when he was killed, and showing *his wife to be first beneficiary*.[4] This information respecting the wife as beneficiary of the insured reached the War Department in some way. I think it came from the Insured.

(d) I think it is clear that the Insured gave the proper written notice of change of beneficiary either on forms generally used in the Army, or by letter, or other memorandum, and that for some reason due perhaps to the confusion incident to war, such forms, letters, etc. were not available for production here. This view is strengthened by the fact that when the soldier was killed in action, his wife, and not his mother, was notified, and that all of the other benefits, like allotment, etc. have been paid to the wife.

2. Counsel for the mother cites and stands upon Bradley v. United States, 9 Cir., 143 Fed.2d 573, 574, which was a case where, as here, the mother was the original beneficiary and the question was whether the wife had instead been made the beneficiary. But this case is otherwise different. There, the only thing relied upon by the wife, aside from the declared intention of the insured to change the beneficiary (which the Court holds is not, standing alone, sufficient), was a "confidential personal report" by the insured to the Army, in which the wife is named as the beneficiary of his insurance. The finding and holding is that such report did not reach the Veterans Administration until after the death of the insured, and is, therefore, not sufficient.[5] Here, as stated, the evidence, circumstantial in its nature, I think shows that a written notice of some character, signed by Insured, did reach the Veterans Administration before the death of the Insured.

From what has been said, it follows that Judgment should enter for Janice White Walker for $10,000, with an allowance of ten percent thereof as attorney's fees of her attorney.

Let Decree be drawn and presented.

---

[4] "War Department—The Adjutant General's Office—Washington 25 D. C. Report of Death. Date 9 April 1945. Full name. Walker, Ralph L. Army Serial Number: 20 812 627 Grade mcs/3829 PFC. Home address: Commerce, Texas. Arm or service: Infantry. Date of birth: 23 Aug 21. Place of death: Southwest Pacific Area. Cause of death: Killed in action. Date of death: 8 Feb. 45. Station of Deceased: Southwest Pacific Area. Date of entry on current active service: 26 Sept 40. Length of service for pay purposes: over 3 yrs. Emergency addressee (Name, Relationship & address): Mrs. Jaunice Walker, wife, Box 28, Commerce, Texas. Beneficiary (Name, Relationship & Address) Jaunice W. Walker, wife, same as above. Donald L. Walker, son, Box 28, Commerce, Texas, Essie Walker, mother, 3610 Hemphell Ave., Ft. Worth, Texas * In flying pay status: No. Additional data and/or statement: Evidence of death rec'd in WD 17 Mar. 45 *Ben Cont'd Raymond L. Walker, father, same as mother's. x Battle. XC3916383 R. By order of the Secretary of War. John M. O'Dea, Adjutant General."

[5] I quote: "There is nothing in the confidential report or the evidence in this case from which it can be legitimately inferred that it was intended for the use and information of the Veterans' Administration, or that its purpose was to effect a change of beneficiary under the life insurance policy. Indeed, the trial court did not so find. The Administration was a total stranger to the report, and did not receive it or have knowledge of its execution until after the death of the insured, and it was forwarded to the Administration upon its request. It is not a notice of any kind, is not a direction that the name of the beneficiary be changed, and does not express or indicate even indirectly or inaptly a desire to have the beneficiary changed. Indeed, it is not a voluntary expression of any wish, desire or intention. At most it indicates a belief or understanding that his wife was the then present beneficiary. When given its most liberal construction in the light of all the facts and circumstances, we are convinced that it cannot be treated as an effectuation of the insured's intention to change his beneficiary."