## SHAPIRO v. UNITED STATES et al.
### No. 85, Docket 20760.

Circuit Court of Appeals, Second Circuit.
March 4, 1948.

Winfred C. Allen, of New York City (Winfred C. Allen and James G. Mitchell, both of New York City, of counsel), for Annette Shapiro, plaintiff-appellee.

Edenbaum & Katz, of New York City (Jacques Katz and Edward Norwalk, both of New York City, of counsel), for Clara Shapiro, defendant-appellant.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by the defendant Clara Shapiro, mother of one Jerry Shapiro, from a judgment determining that the latter's wife, the plaintiff Annette Shapiro, was entitled to the proceeds of a National Service Life Insurance Policy in the sum of $10,000 issued to her deceased husband on March 1, 1942. At the time the policy issued Jerry Shapiro was unmarried and had designated his mother Clara Shapiro as the beneficiary. He married the plaintiff on October 3, 1942, and thereafter, on or about December 19, 1942, undertook to change the beneficiary of the insurance by having his wife substituted as beneficiary for his mother, the defendant Clara Shapiro. On February 22, 1944, Jerry Shapiro died in a fire in an army camp whereupon Annette Shapiro brought this suit against the United States to obtain the benefits payable under the policy. The United States impleaded the mother Clara Shapiro, who answered claiming the full benefits of the policy on her own behalf.

The case was tried before Hon. Joseph Smith, without a jury, who held

that the insured had effectuated a change of the policy, that his widow was entitled to the proceeds, and awarded judgment in her favor accordingly. The decision was essentially based on findings of the judge that the insured had expressed an intention to change the beneficiary originally named in his policy and had done an affirmative act to effectuate the intention. Whether these findings are correct is the chief dispute on the present appeal. We can see no reason to doubt that they are supported by substantial evidence and that the judgment rendered was not only justified but required by the proof.

According to the testimony of plaintiff's witness Bauer, assistant chief attorney of the Legal Division of the New York Regional Office of the Veterans Administration, a change of beneficiary of a National Service Life Insurance Policy may be made by an insured at any time without the knowledge or consent of the previous beneficiary but, to be effective, it must be made by notice in writing signed by the insured and forwarded by the latter or his agent to the Veterans Administration, containing sufficient information to identify the insured. Bauer added that whenever practicable such notices should be given on blanks prescribed by the Veterans Administration, upon receipt of which the designation would be effective as of the date of execution, provided that any payment made before receipt of notice of change by the Veterans Administration should be deemed properly made and a satisfaction in full of the obligations of the United States to the extent of such payments. The testimony of Bauer is borne out by the regulations of the Veterans Administration. [7 Fed.Reg.8363, § 10.3447 (October 16, 1942).]

In December, 1942, the insured reported to Lt. Dunn, a battalion adjutant at Fort McClellan, Alabama, and said that he had recently been married and wished to change the beneficiary of his insurance policy from his mother to his wife. A day or two later, he stated to Dunn that he wished to fill out the form so changing his beneficiary. Lt. Dunn told a clerk to give Shapiro the form for changing his life insurance beneficiary. The clerk gave him a W. D., A. G. O. Form No. 41 which, though entitled "Designation of Beneficiary", was not designed to be used to change the beneficiary of an insurance policy but was a form intended for designating the beneficiary of the six months' gratuity, payable in case of death, and the person to be notified in case of emergency. [See Plaintiff's Exhibit 2.] Shapiro filled out and signed this form, naming his wife as primary beneficiary, and his mother as alternate beneficiary, in the event the wife died before payment was made. Lt. Dunn then witnessed this form, which was forwarded by the message center to the War Department in Washington. Testimony as to these circumstances of the completion of this form was given by Lt. Dunn and was credited by the District Judge. Upon the death of the insured both his widow and mother made claims to the Veterans Administration for payment under the policy. The widow's claim was rejected by the Veterans Administration; the mother's claim was allowed and payments in the amount of $1,349.90 were made to her under the policy. Thereupon, the widow brought this suit, in which the United States impleaded the mother as a defendant.

The findings of the trial judge that Shapiro had changed the beneficiary of his insurance policy are indubitably supported. It is most unlikely that when he signed Form No. 41 that he could have intended any other act than to change the beneficiary of his insurance policy. Not only was there compelling oral testimony to support this view, but the form actually signed was adequate in its language for that purpose. Moreover, it was quite futile to use it to designate the beneficiary of the six months' gratuity because the widow would take in preference to the mother with or without any designation. Therefore, unless Shapiro was familiar with the complexities of the particular uses of the various army forms there was nothing to prevent his using the form given him when he wished to change the beneficiary of his insurance policy. Indeed, Lt. Dunn testified that at the time Form No. 41 was used he did not know it was intended by the War Department only to designate the

beneficiary of the six months' gratuity payment and he knew of no other form for use for life insurance. This testimony of a disinterested witness is strengthened by all the probabilities of the situation. The trial judge was clearly justified in his tenth finding: "Both the battalion adjutant, Lieutenant Dunn, and Lieutenant Shapiro believed at the time that Lieutenant Shapiro signed the form, and thereafter, that it was intended to, and did, change the beneficiary of Lieutenant Shapiro's National Service Life Insurance policy to his wife, the plaintiff herein."

In addition to the testimony of Lt. Dunn as to acts and statements of Shapiro contemporaneous with the signing of Form No. 41, there was testimony of subsequent statements by Shapiro to his wife and to a friend, Lt. Glover. The wife testified that a few days after the arrival of herself and her husband at Fort McClellan, the latter told her that he had changed the insurance policy over to her name. Lt. Glover, a married friend of Shapiro who was with him in the army, testified at the trial that early in 1944 he heard Shapiro tell the latter's commanding officer that he had transferred his life insurance to his wife. Glover also testified that he and Shapiro about that same time calculated together the benefits to their wives under their policies in case of their death. The only contradictory testimony was given by Shapiro's mother and a Mrs Lefkowitz, who was in the employment of Shapiro's parents, who testified to statements made by Shapiro to them in December, 1943, indicating that he was leaving his life insurance to his mother rather than to his wife.

■ It has already been made plain that the instrument designating Shapiro's widow as his beneficiary did not state in terms whether she was to be beneficiary of his insurance policy or of the six months' gratuity payment. In such a situation testimony as to oral statements of the insured was admissible to resolve the ambiguity. The conversation between Shapiro and Dunn, accompanying the delivery of the form to Shapiro, was clearly admissible under the authorities. See Wigmore on Evidence [3d Edition] § 1772. This testimony of Dunn's is alone convincing and sufficient to sustain the judgment.

■ We have in the case at bar both an act of the insured in signing the form, and oral evidence of his intent to effect thereby a change of beneficiary of his insurance policy. Under the authorities, a change of beneficiary was thus legally effected. Collins v. United States, 10 Cir., 161 F.2d 64, certiorari denied 331 U. S. 859, 67 S.Ct. 1756; Roberts v. United States, 4 Cir., 157 F.2d 906, certiorari denied 330 U. S. 829, 67 S.Ct. 870; Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836; Claffy v. Forbes, D.C.W.D.Wash., 280 F. 233; Egleston v. United States, D.C.E.D.Ill., 71 F. Supp. 114; Citron v. United States, D.C. D.C., 69 F.Supp. 830. In the Citron decision the insured had used Form No. 41 to change his beneficiary just as Shapiro did in the case at bar.

The defendant-appellant relies on the opinion of Judge Murrah, speaking for the majority of the court, in Bradley v. United States, 10 Cir., 143 F.2d 573, certiorari denied, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632, from which Judge Phillips dissented. In the later decision by the Circuit Court of Appeals of the Tenth Circuit in Collins v. United States, supra, Bradley v. United States was distinguished on the facts. Each decision dealt with the question whether the evidence in the particular case showed that the insured had performed an act with intent to change his beneficiary. The Bradley decision held that he had not (Phillips, J., dissenting), and the Collins decision that he had. We cannot say that either decision differed as a matter of law from the other authorities we have cited, or from the conclusion we have reached in the case at bar. If the Bradley decision be thought to differ, the conclusion reached in the dissenting opinion of Judge Phillips accords with our own views.

For the foregoing reasons, the judgment is affirmed.