**FLOOD v. UNITED STATES et al.**

**Civ. A. No. 9517.**

District Court, D. New Jersey.

April 19, 1948.

Edelstein & Edelstein, of Asbury Park, N. J. (E. Alexander Edelstein and Benjamin Edelstein, both of Asbury Park, N.J., on the brief), for plaintiff.

Arthur E. Klaiber, of Newark, N. J., for defendants.

John J. Corcoran, Asst. U. S. Atty., of Jersey City, N. J., for Government.

MEANEY, District Judge.

This cause came on for trial, and the Court having considered the verdict of the jury and the stipulations of the parties, finds the facts and states the conclusions of law as follows:

## Findings of Facts

1. That government insurance was issued in the sum of $10,000.00 in favor of the deceased soldier, James Flood; that the named beneficiary in the original policy was Mary M. Flood, the natural mother, the contingent beneficiary being Thomas Henry Flood, the brother.

2. That the deceased was killed in active service on January 7, 1945, leaving a widow, Eileen and a daughter, Maria.

3. That at the time of application for an issuance of the insurance, the decedent was unmarried; that the decedent was married on December 4, 1943; that the decedent went overseas in August, 1944 and that a child was born of the marriage on November 13, 1944.

4. That the Veterans Administration has recognized the named beneficiary and that this action was approved on appeal to the Veterans' Board of Appeals.

5. That it was the intention of the deceased soldier, James Flood, to alter the beneficiary of his government insurance so that the beneficiary would be Eileen Flood, his wife, and that in accordance with the determination by the jury, with that intention, he took such steps as were available to him to make such a change.[1]

## Conclusions of Law

1. That the intention and desire of the solider, if it can possibly be done, shall be given effect by the Court, and that technicalities shall not be allowed to stand in the way of the evident purpose of the deceased soldier.

2. That the clearly expressed intention and purpose of the deceased to have the wife named as the beneficiary in his policy of National Service Insurance, supported by the action which he took, should control and should not be offset by the fact that the formalities particularly described in the Act, 38 U.S.C.A. § 801 et seq., were not literally complied with.

---

[1] This question was submitted specially to a jury which determined as indicated.

3. That judgment be for the plaintiff and that the plaintiff recover from the United States of America the sum of $10,-000.00, payable in such payments and installments as provided for by the United States Veterans Administration of Washington for the payment of such proceeds of National Service Life Insurance.

It is so ordered, and counsel for plaintiff will submit appropriate judgment in accordance herewith.