**ROSENSCHEIN v. CITRON et al.**

No. 9623.

United States Court of Appeals
District of Columbia.

Argued April 13, 1948.

Decided July 12, 1948.

Mr. Lloyd B. Kanter, of Brooklyn, N.Y., with whom Mr. Lewis H. Shapiro, of Washington, D. C., was on the brief, for appellant.

Mr. Warren E. Miller, of Washington, D. C., for appellee Citron.

No appearance for appellee United States.

Before STEPHENS, Chief Justice, and EDGERTON and CLARK, Associate Justices.

EDGERTON, Associate Justice.

Appellant, the mother of the late Lt. Robert I. Rosenschein, contests the right of

his remarried widow, the appellee, to the proceeds of his National Service Life Insurance policy. He was killed in an airplane crash in July 1943.

Appellant was named beneficiary in the policy. But the National Service Life Insurance Act of 1940 authorizes the insured to change the beneficiary.[1] When the policy was issued the insured was unmarried. In February 1943 he married appellee. She testified that they went ten days later to the Finance Office of an Army post in New Mexico and he asked a clerk for "a form to change his beneficiary in his National Life Insurance"; that the clerk gave him a form, which appellee identified at the trial; and that they then went to the Post Exchange, where her husband filled out the form in her presence. She identified his signature. It was witnessed, apparently some days later, by a personnel officer. The form found its way to the files of the Adjutant General.

The form was W.D., A. G. O. Form No. 41, headed "Designation of Beneficiary." As filled out and signed it named appellee "beneficiary" but did not refer expressly to any particular policy or benefits. The Army intended the printed form for a purpose[2] that was not the one Rosenschein had in mind. But the form did not disclose the Army's purpose[3] and was often used, as Rosenschein used it, for the purpose of designating a life insurance beneficiary.

■ The trial court without a jury found that the insured changed the benefi-

ciary of the policy in suit. We think the evidence supports the finding. Courts dispense with technicalities to carry out a soldier's intention to change the beneficiary of his life insurance policy. The intention and an act done for the purpose of accomplishing it are enough.[4] "It is most unlikely that when [the insured] signed Form No. 41 * * * he could have intended any other act than to change the beneficiary of his insurance policy. Not only was there compelling oral testimony to support this view, but the form actually signed was adequate in its language for that purpose."[5]

■ Though a regulation of the Veterans Administration required that notice of the change be forwarded "by the insured or his agent," the appellee is not barred by the fact that notice did not reach the Veterans Administration until after the death of the insured.[6]

■ Appellant contends that by D.C. Code 1940, § 14—302, 41 Stat. 567, appellee's account of her husband's conversation with the Finance Office clerk should have been excluded. But the cited statute "seeks to protect only persons 'legally representing the deceased' against claims which may be fraudulent."[7] No one is legally representing the deceased in this suit. The statute is inapplicable for the further reason that the change of beneficiary was not a "transaction" between the insured and his wife but between him and his insurer.

Affirmed.

[1] 54 Stat. 1010, § 602(g), as amended, 38 U.S.C.A. § 802(g).

[2] Designation of beneficiary of a "six-months gratuity" payment.

[3] The War Department afterwards adopted a different and unambiguous Form No. 41.

[4] Roberts v. United States, 4 Cir., 1946, 157 F.2d 906, 909, certiorari denied sub nom. Roberts v. Roberts, 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278; Collins v. United States, 10 Cir., 1947, 161 F.2d 64, certiorari denied, 331 U.S. 859, 67 S. Ct. 1756, 91 L.Ed. 1866; Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758, 760; McKewen v. McKewen, 5 Cir., 1948, 165 F.2d 761, certiorari denied, 68 S.Ct. 1530; Gann v. Meek, 5 Cir., 1948, 165 F.2d 857, 859; Shapiro v. United States, 2 Cir., 1948, 166 F.2d 240, certiorari denied sub nom. Shapiro v. Shapiro, 68 S. Ct. 1533. Cf. Bradley v. United States, 10 Cir., 1944, 143 F.2d 573, 576, certiorari denied sub nom. Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632.

[5] Shapiro v. United States, supra note 4, 166 F.2d at page 241.

[6] McKewen v. McKewen, supra note 4, 165 F.2d at page 764; Collins v. United States, supra note 4, 161 F.2d at page 68.

[7] Duckett v. Duckett, 77 U.S.App.D.C. 303, 305, 134 F.2d 527, 529.