## FOSTER v. WININGHAM et al.
### No. 3628.

Circuit Court of Appeals, Tenth Circuit.
Aug. 9, 1948.

Paul Dudley, of Oklahoma City, Okl. (Dudley, Duvall & Dudley, of Oklahoma City, Okl., on the brief), for appellant.

Tom Garrett, of Oklahoma City, Okl., for appellees.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Mary Frances Winingham, acting by and through Helen K. Aulick, her mother and

next friend, instituted this action against the United States and Jewell Luciell Winingham Foster to determine ownership of the proceeds of a policy of National Service Life Insurance in the sum of $5,000 covering the life of Ernest O. Winingham, a member of the armed forces of the United States, hereinafter referred to as the insured. Mary Frances Winingham was the daughter of the insured by a former marriage, and Jewell Luciell Winingham was his second wife. The insured took out one policy of National Service Insurance for $5,000 payable to his wife, Jewell Luciell Winingham, and it is not in controversy here. He subsequently made application for the policy in suit. The application contained appropriate blanks to be filled out designating the name and address of the principal beneficiary, the amount of insurance to be paid to each beneficiary, and the name and address of the contingent beneficiary. The name and address of the wife was filled in as the principal beneficiary; $5,000 was filled in as the amount of insurance to be paid to each beneficiary; and the name and address of the daughter was filled in as the contingent beneficiary. Later, the application blank called for the name of the person to whom the policy should be delivered, and the name and address of the daughter was inserted at that place. A policy was issued but not delivered. It remained in the files of the Veterans Administration. Neither the name of the wife nor that of the daughter appeared in the body of the policy as the beneficiary. The name and address of the daughter appeared below the policy. It was apparently typed at that position without any explanation of its purpose. About three weeks after making the application, and shortly before the insured sailed for service in the European theater, he wrote a letter to his daughter in which he said, among other things, "I took out 5000 of insurance for you. I will mail you your papers when I receive them". The ship on which he was a passenger sank and he lost his life. Rival claims were filed with the Veterans Administration. An administrative determination was made that the wife was entitled to the proceeds of the insurance. The cause was tried to the court

without a jury. Judgment was rendered for the daughter, and the wife appealed.

Unless a controlling statutory provision or an effective regulation promulgated under statutory authority exacts otherwise, the intention and purpose of the insured should be given effect in a case of this kind involving the question whether his wife or this daughter is the beneficiary under a policy of National Service Life Insurance if it reasonably can be done. Narrow technicalities not contravening an applicable statutory provision or an effective regulation should be brushed aside in order to effectuate such intent and purpose. And substance rather than form should be the basis of decision. Bradley v. United States, 10 Cir., 143 F.2d 573, certiorari denied, Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632; Mitchell v. United States, 5 Cir., 165 F.2d 758; McKewen v. McKewen, 5 Cir., 165 F.2d 761, certiorari denied, 334 U.S. 860, 68 S.Ct. 1530.

In determining the question of the intent and desire of the insured with respect to whether his wife or his daughter should be the recipient of the proceeds of the insurance in the event of his death, we look first to the application and the circumstances under which it was submitted. The insured had two dependents. They were his wife and his daughter. He already had one policy of National Life Insurance in the sum of $5,000 payable to his wife. He had none for his daughter. He thus had made some provision for his wife but none for his daughter. He was about to embark for active military service in the European theater. He did not know what the future held for him, and he doubtless entertained a natural concern for the material welfare of his two immediate relatives and dependents. In these circumstances, he submitted an application for a second policy of National Service Life Insurance for $5,000, the same in amount as the one previously obtained. The application called for the name and relationship of the principal beneficiary and that of the contingent beneficiary. In filling out the blank, he gave the name, relationship, and address of his wife as the principal beneficiary, and that of his daughter as the contingent bene-

ficiary. Immediately following the name and address of his wife as principal beneficiary, and immediately preceding that of his daughter as contingent beneficiary, the application called for a statement of the amount of insurance to be paid to each beneficiary, and he specified $5,000. Later, the application called for the name and address of the person to whom the policy should be sent, and he filled in that of his daughter. No reason is suggested for an intent or desire on his part that his wife should be the principal beneficiary in the policy but that his daughter should have its physical custody or possession. And no sound reason is suggested for an intent or desire on his part that his daughter should be the custodian of the policy but not the beneficiary of the insurance in the event of his death. Strictly construed, and looking exclusively to that part of the application designating the principal and contingent beneficiary, the application designated the wife as the principal and the daughter as the contingent beneficiary. But in view of the fact that the insured had only the two dependents for whose welfare he entertained a natural concern in the event of his death; that he had made provision for his wife but none his daughter; that the policy previously obtained for the benefit of his wife was for $5,000; that the policy then being applied for was in the same amount; that the amount to be paid to each beneficiary was specified at $5,000; and that the policy was to be mailed to the daughter, it cannot be said that the application made clear an intent and desire on the part of the insured that his wife should be the beneficiary of the proceeds of the policy in the event of his death. Certain parts of the application, together with the circumstances attending its submission, indicate that the insured intended and desired that his daughter should be the recipient of the proceeds. When the application and the existing circumstances are considered together, there is doubt as to whether the insured intended and desired that the policy should be for the benefit of his wife or of his daughter.

Since the application was not clear in respect of the intent and desire of the insured as to whether his wife or his daughter should be the recipient of the insurance, we consider the letter. In it, he stated with directness and certainty that he had taken out insurance in the amount of $5,000 for his daughter. And he did not stop there. He added, "I will mail you your papers when I receive them." The authenticity of the letter is not challenged. It was written immediately on the eve of his departure for military service in a foreign field with all of its attending hazards. It was written to his daughter, and there was every incentive to state the facts correctly, as he understood them. Written in those circumstances, why did he say that he had taken out insurance in the amount of $5,000 for his daughter, if he intended and desired that his wife should be the recipient of the proceeds of the insurance in the event of his death? Written in those circumstances, why did he say to his daughter that he would send her "your" papers, if he intended and desired that his wife should be the recipient of the proceeds of the insurance? How could the policy be the paper of the daughter, if he intended and desired that the wife should be the recipient of the proceeds? The application, the circumstances under which it was submitted, the letter, and the circumstances under which it was written, considered together in their totality, make it reasonably clear and certain that it was the intention and desire of the insured that the policy should be for the benefit of his daughter.

■ But the admissibility of the letter in evidence is challenged. The argument is that it was hearsay, a mere conclusion, a self-serving declaration, and not binding on the wife. Ordinarily writings or unsworn declarations which are no part of the res gestæ are not admissible in evidence. But where the existence of a particular intent of a person at a certain time and in connection with a certain incident or transaction becomes a distinct and material fact to be proved in a chain of circumstances, words spoken or written by such person which have a bearing upon that intent are admissible. They are not admissible for the purpose of establishing the substantive fact that the person acted or failed to act. They are admissible only for the purpose of throwing light upon the

question of his intent in acting or failing to act. The letter which the insured wrote his daughter was not admissible as a narrative of the substantive fact that he took out insurance for her benefit. But it was admissible as a proper token of his intent and purpose in taking out the insurance. And there is no indication in the record that the trial court considered the letter for any other purpose.

The judgment is affirmed.