HESTER v. HESTER et al.
(two cases).

No. 12319.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1948.

William E. Allen, of Fort Worth, Tex., and J. G. Harrell, of Breckenridge, Tex., for appellant.

478

Earnest E. Sanders and Frank B. Potter, U. S. Atty., both of Fort Worth, Tex., for appellees.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another controversy over whether a change of beneficiary in a war risk insurance policy had been validly effected. Unlike those of which the books have been so lately full,[1] this controversy has to do not with "the acts and intentions of those in military service in time of war,"[2] but with those of a civilian. A veteran of World War One, discharged from military service in 1919, insured was an experienced business man holding positions of trust and confidence in his community.

In the three policies involved in these suits, insured had designated his mother as beneficiary. The claim of the plaintiffs was that upon her death he had effectively designated his seven brothers and sisters as successor beneficiaries. Defendant, Alda Belle Hester, widow of the insured and administratrix of his estate, denying that an effective change of beneficiary had been made, claimed the proceeds of the policies under the policy provision that if the designated beneficiary did not survive the insured, the proceeds or benefits should be paid to his estate.

Tried to the court without a jury, the evidence[3] developed no material conflict. Indeed, except for proof that defendant was the widow and administratrix of the deceased veteran, that she had married him on May 17, 1930, and lived continuously

---

[1] Mitchell v. United States, 5 Cir., 165 F.2d 758; McKewen v. McKewen, 5 Cir., 165 F.2d 761; Gann v. Meek, 5 Cir., 165 F.2d 857; Bradley v. United States, 10 Cir., 143 F.2d 573; Roberts v. United States, 4 Cir., 157 F.2d 906.

[2] Johnson v. White, 8 Cir., 39 F.2d 793, 797; Collins v. United States, 10 Cir., 161 F.2d 64.

[3] This, so far as material, showed that the designated beneficiary died on May 18, 1944, and the insured on Aug. 6, 1946. About six months after the beneficiary's death, the insured wrote to his brother Harland, one of the plaintiffs, the following letter:

"Breckenridge Public Schools,
"Breckenridge, Texas.
"11/15/44.
"Office of Tax Assessor and Collector.
"Dear Harland:
"I am enclosing following:
"Policy #K4C8109, $5000, Made to Bro. & Sisters (No you have these).
"Policy #K856082 3000, Made to Bro. & Sisters (No you have these).
"Policy #K127465 2000, made to you.
"Pol'cy 402900 1000, made to Jake, (He has some of his to me).
"Believe this completes what I have ben going to do for some time, have sold a place and when it is completed will send some more bonds. Just put these letters and policies in your box as they are for use in case of misfortune to me, as later might want to change them in some way, the $3000 Gov. is an endowment and pays out soon.
"We are OK, have a norther today

which makes us feel fine. Come and see us. Regards,
"Grady.
"Am keeping a copy of this letter until I hear from you and will destroy it then."

Enclosed in the letter were there letters addressed to the Veterans Administration, one for each of the three insurance policies: K127465, K856082, and K408109; and the $2000 policy, K127465. The letter about this policy reads as follows:
"11/15/1944.
"Veterans Administration,
"Washington, D. C.
"Re: Policy K127465.
"Gentlemen:
"Since the death of my mother, Emma Ellen Hester, as of May 18th this year, I wish to change the Beneficiary of the above numbered policy to: Harland H. Hester. * * * Brothers, and as contingent Beneficiaries: Joe B. Hester * * * Brother, John L. Hester * * * Brother, share and share alike or survivor.
"Yours very truly,
"(S.) Henry W. Grady Hester."
"On this the 15th day of November, 1944, personally appeared Henry W. Grady Hester, known to me, subscribed under oath says the above is true and correct.
"Ross Elliott,
"(Seal) "Notary Public, Stephens County,
"Texas."
The two for the other policies were identical with each other and with the above except that they named as benefi-

with him until his death in 1946, the defendant offered no evidence.

The district judge, of the opinion that the evidence showed that deceased, within the terms of the policies,[4] and the applicable statute,[5] and regulations[6] had effected a valid supplemental designation of plaintiffs as beneficiaries, found for plaintiffs. Invoking the settled rule: that "A mere intent to change a beneficiary is not enough. Such an intent must be followed by a positive action on the part of the insured evidencing an exercise of the right to change the beneficiary", Collins v. United States, 10 Cir., 161 F.2d at page 67; the administratrix is here insisting that evidence of such positive action is wanting.

■ We agree. Whatever may be said of the effect of the evidence to establish the insured's intent to some day designate his brothers and sisters as beneficiaries, it may not be doubted that it falls short of showing that he took the positive action necessary to make this intention effective.

Indeed, the careful instructions to his brother, "Just put these letters and policies in your box as they are for use in case of misfortune to me, as later might want to change them in some way" shows exactly the contrary. By these instructions he kept a tight and effective control on the letters to the Veterans' Administration and thereby prevented the intent to give, which he had given expression to from becoming effective in his lifetime.

■ This being so, it follows that the judgment for plaintiffs was wrong and must be reversed. For, if, as appellees contend, it should be held that the letter constituted a valid will, a matter which we do not decide, this would not avail them, since by express provisions of regulation and policy, "no change of beneficiary may be made by last will and testament."

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

ciaries all seven of the brothers and sisters.

There was also offered a portion of a letter written by deceased to his sister, Floss, on Nov. 15, 1944, saying:

"I have changed my government insurance to the seven remaining brothers and sisters, and Harland has the policies in his lock box, but will leave my address at Washington in your care."

Plaintiffs filed claims on the policies with the Veterans Administration in the latter part of Aug., 1946, the claims were disallowed by the Bureau, and these suits followed.

There was no proof that the Veterans Administration had any notice or knowledge of any proposed or attempted change of beneficiary or designation of a new beneficiary until some three weeks after the death of insured when claims were made by plaintiffs for the death benefits.

[4] "Every change of beneficiary must be made by notice, signed by the insured, to the Bureau of War Risk Insurance at its office in Washington, D. C. (accompanied by the policy for an indorsement of the change thereon by the said Bureau), and shall not take effect unless such change is indorsed on the policy. * * * An original designation of a beneficiary may

be made by last will and testament, but, no change of beneficiary may be made by last will and testament."

[5] "The insured shall have the right to designate the beneficiary or beneficiaries of the insurance * * * and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries * * * without the consent of such beneficiaries. * * *." 38 U.S.C.A. § 802(g).

[6] "* * * A change of beneficiary must be made by written notice to the Veterans Administration over the signature of the insured and shall not be binding on the Veterans Administration unless received and indorsed on the policy by the Veterans Administration. A change of beneficiary must be forwarded to the Veterans Administration by the insured or his agent, and should be accompanied by the policy. A change of beneficiary may be indorsed during the lifetime of the insured or after his death, and when so indorsed said change shall be effective as of the date the insured signed the written notice of change of beneficiary. * * * An original designation of a beneficiary may be made by last will and testament, but no change of beneficiary may be made by last will and testament."