**SENATO v. UNITED STATES et al.**

No. 183, Docket 21241.

United States Court of Appeals
Second Circuit.

March 16, 1949.

---

Frank, Weil & Strouse, of New York City (Frank O. Fredericks, of New York City, of counsel), for plaintiff-appellant.

Benjamin Meyer, of New York City (William E. Robinson, of New York City, of counsel), for third-party defendant-respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This appeal is by the mother of a deceased soldier of the United States who, as the beneficiary named in each of the policies, claims the proceeds of two National Service Life Insurance Policies which matured when he was killed in action. The appellee is the widow of the soldier who claims the proceeds of both policies as the substituted beneficiary. The trial court found that the widow was the substituted beneficiary and held that she was entitled to the proceeds of both policies.

The facts which were relied on to support the findings and judgment were proved by records and writings which are before us. As there is no issue dependent upon the credibility of any witness we are, therefore, in as good a position as was the trial judge to determine the meaning and legal effect of the evidence and to direct judgment accordingly. United States v. United States Gypsum Co., 333 U.S. 364, 394-395, 68 S.Ct. 525; Stubbs v. Fulton Nat. Bank, 5 Cir., 146 F.2d 558; Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 119 F.2d 704.

The undisputed facts are that Nick Senato, when unmarried and while he was an enlisted soldier in the United States Army, was granted life insurance in two National Service Life Insurance Policies as follows: One policy No. N-1914979 for $5,000 was issued to him on May 1, 1942 and named his mother, the appellant, as the beneficiary; another like policy No. N-13469563 for the same amount was issued to him on September 1, 1943 and also named his mother as the beneficiary.

On February 10, 1944, Nick Senato, in New York City while on leave from his station at Camp Pickett, Va., was legally married to the appellee, whom he had known for several years. He returned to Camp Pickett the following day.

On February 18, 1944, he signed at Camp Pickett what is known as W. D. A. G. O. Form No. 41, a paper entitled "Designation or Change in Address of Beneficiary" and provided for use in designating or changing the beneficiary of the payments to be made upon the death of a soldier under the provisions of Title 10 U.S.C.A. § 903 and not for use in respect to National service life insurance. However, by mistake, arising from the ambiguity of its heading, or from apparent necessity when none other was available, this form was sometimes used to designate a change in the beneficiary named in a National Service Life Insurance Policy. In this instance it does not appear whether the forms designed and usually provided for use in changing the beneficiary named in a soldier's life insurance policy were to be had at that time at Camp Pickett. This Form No. 41 W. D. A. G. O. was duly forwarded to the proper office.

The soldier did not see his wife again but wrote her daily. One of these letters, dated March 2, 1944, is all of such correspondence which appears in this record, his other letters having been destroyed through no fault of his widow, and refers to his life insurance as follows: "Forgot to mention in yesterday's letter about transferring the insurance policy over to you. Well I got that straightened out here."

Nick Senato was killed in action at Okinawa on April 29, 1945. The appellant was at first recognized as the beneficiary and was paid some installments under both policies, but when the widow presented her claim as the beneficiary under each policy further payments were discontinued pending the determination of the respective rights of the claimants.

In general what was said in our opinion in Shapiro v. United States, 2 Cir., 166 F.2d 240 is applicable to the situation here presented and for the reasons there stated we agree with the trial judge that, to the extent it was proved by the letter that the insured intended to make his wife the beneficiary of his insurance, what he had done was, in the circumstances, sufficient to have effected such a change, though the prescribed form for that purpose was not used. See, Rosenschein v. Citron, C.A.D.C., 169 F.2d 885. It has been repeatedly held where the intent of the insured to change the beneficiary is established, though action must be taken by him to carry out that intent it need not necessarily be in compliance with the literal requirements of applicable regulations so long as he might reasonably be supposed to have thought it enough. Roberts v. United States, 4 Cir., 157 F.2d 906; Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484; McKewen v. McKewen, 5 Cir., 165 F.2d 761. Cf. Ramsay v. United States, D.C., 72 F.Supp. 613.

This case is perhaps a rather extreme example of the rule above outlined because the evidence of the insured's intention and of his belief as to the effect of the execution of Form 41 at Camp Pickett is so meagre. Yet the above quoted excerpt from his letter to his wife written twelve days later shows clearly enough that he thought he had "straightened out" the transfer of "the insurance policy" to her "here." True enough he mentioned his failure to write her about that in his letter of the previous day and that might lead to speculation as to what he may have done of which he omitted to write as of yesterday. It is rather curious that he should have had in mind something he had done twelve days before as something he should have written about "yesterday" instead of earlier. But there is no evidence of anything he did in connection with his life insurance at Camp Pickett, which is plainly the "here" of his letter, to change the beneficiary except his execution of Form 41 and it is reasonable to believe, as the trial judge did, that he referred in his letter to that action. At least, we cannot say that it was clearly wrong so to do and we therefore accept the findings that he thought by signing Form 41 he made his wife a beneficiary of his insurance. However, we do not believe the evidence also justified the inference that when he executed Form 41 he thought that he was thereby making his wife the beneficiary of all his insurance. As his letter refers to only "the insurance policy" it does not necessarily indicate that he meant his insurance as a whole. And without what he wrote later in the letter there is no suffi-

cient proof that he intended to do, or that he conceived that he had done, anything to affect his insurance at all. Without the letter, Form 41 would not apply to either insurance policy but would have to be confined to its effect upon the gratuities, unrelated to insurance, which it was ordinarily executed to accomplish. After all, it is the appellant who was named as the beneficiary in both policies and it is she who is entitled to the entire proceeds unless the appellee has carried the burden of showing affirmatively that a change of beneficiary was actually made. Her proof is so ambiguous and equivocal that it identifies only "the insurance policy" and not "the insurance" or "the insurance policies" as the subject matter of the change. For all that appears, it is as reasonable to believe that the soldier intended to, and thought he had, let one policy remain as issued with his mother the beneficiary. What he wrote is too indicative of that and gives too little to support a finding of a change of beneficiary in respect to any insurance beyond that to carry the burden of proving the more extensive change of beneficiary which was on the appellee who pleaded it. Fortunately, both insurance policies are for the same amount and no problem as a practical matter is presented in determining which is "the insurance policy." It may be either.

Judgment reversed and cause remanded with directions to enter a judgment awarding the proceeds of one policy to the appellant and of the other to the appellee with attorney's fees to be allocated by the district judge.