**JOSEPH v. UNITED STATES et al.**

No. 3125.

United States District Court
Middle D. Pennsylvania.

Feb. 20, 1950.

Louis G. Feldman, Wilkes-Barre, Pa., Charles L. Casper, Wilkes-Barre, Pa., for plaintiffs.

J. S. Russin, Wilkes-Barre, Pa., Ernest J. Gazda, Scranton, Pa., for defendant Kuczynski.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for defendant U. S.

MURPHY, District Judge.

The jury by its verdict for the plaintiff-wife found that the deceased soldier made a change of beneficiary in his National Service Life Insurance policy so as to substitute the name of his wife in place of that of his mother, herein the defendant.[1] Defendant, alleging the insufficiency and incompetency of the evidence, seeks (a) to set aside the verdict; (b) a new trial. We find no merit in either contention.

The jury was warranted in finding that: (a) The insured went to Group Headquarters, Army Air Base, Columbia, South Carolina, and asked the captain in charge for a form in order to change the name of the beneficiary of his government insurance from his mother to his wife; whereupon insured executed the form supplied and returned it to the officer in charge, who returned to the insured a duplicate copy of the completed form, and advised him to keep it in a safe place; (b) Insured made oral statements to fellow officers prior to, contemporaneous with and subsequent to the execution of such form, the latter in this country and abroad, making clear his intention to make such change and a state of mind indicating that he felt he had made the change desired; (c) After learning that his wife was expecting a child, insured told her he had already made the change of beneficiary in her favor; (d) As he was about to go overseas insured said in a letter to his wife, "I am including a * * * paper explaining all about the insurance policy and the requirements for procuring the benefits * * *"; enclosed was a mimeographed form giving information as to how to collect the government insurance, gratuity pay, pensions, etc.; (e) During an interval between flying missions, five days before he was killed in action, insured in a letter told his wife, "* * * you have the papers to prove your identity and privilege to collect my insurance $10,000 and gratuity pay".

Corroborating details were the remarriage of insured's mother after being designated beneficiary of the insurance; insured's execution of the following: (a) W.D.A.G.O. Form No. 41, naming his wife as beneficiary of his gratuity pay and the person to be notified in case of emergency; (b) a will making his wife beneficiary; (c) a power of attorney making her his agent; (d) authorization of a $225 pay allotment to his wife.[2]

There was no evidence as to what particular form was used in making the change in insurance beneficiary or as to what disposition was made of the copies of the form given to the captain at headquarters. Neither the Adjutant General's office of the Army, nor the Veterans Administration had any record of any such paper, nor was there any evidence available as to what happened to the copy given to the insured. The Veterans Administration made payments to the mother but discontinued doing so when the wife filed her claim.

In the consideration of this type of government insurance controversy, each case must be decided in the light of its own facts. "A liberal policy toward the serviceman and his named beneficiary is everywhere evident in the comprehensive statutory plan." Wissner v. Wissner, 1950, 70 S.Ct. 398, 399, and see opinion Holmes J., White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836; Claffy v. Forbes, D.C., 280 F. 233, at page 235.

1. The position of the government defendant is that of stakeholder.

2. For defendant the evidence showed the insured told his brother in a letter he intended to leave his insurance to his mother; earlier declarations by insured that he did not desire to change the beneficiary in his government insurance; a request by insured to his mother to have the beneficiary in a non-government insurance policy changed from his mother to his wife, and insured's failure to mention to his mother any change in the beneficiary of his government insurance. Statements made by deceased in papers executed at the time he completed Form No. 41, and later in a Personal Affairs Change of Status Certificate and Personal Affairs Check Sheet, were ambiguous. The jury was warranted in construing such statements as consistent with the position of plaintiff.

■ The cases are unanimous in holding that a mere intent to change the beneficiary is not enough. Such intent must be followed by some affirmative act on the part of the insured, evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree or nature of the affirmative action to effect such change. Literal compliance with the regulations is not required.[3]

The questions raised are not novel but, on the contrary, have been the subject of many recent decisions, all of which would support recovery in the instant case. The subject is discussed in a comprehensive note in 2 A.L.R.2d 489. In Flood v. United States, 3 Cir., 172 F.2d 221, affirming D.C., 78 F.Supp. 420, and in Horn v. United States, 3 Cir., 1950, 179 F.2d 238, the Court of Appeals for this Circuit disposed of two appeals in this category by per curiam opinions. In the Flood case the fact situation was not as persuasive in support of recovery as the case at bar. There reliance was placed chiefly on a statement by insured in a letter to his wife, "* * * the insurance is in your name only." [172 F.2d 222] See comment thereon in Hart v. United States, D.C.N.J., 84 F.Supp. 912, at page 915. In Horn v. United States, supra, the court approved a finding by the trial judge that execution of Form No. 41 was sufficient to support recovery where it could be inferred that insured intended by so doing to change the beneficiary of his government insurance and believed that thereby he had done so.

■ In the case at bar there was abundant evidence of insured's intention to exercise his right to change the beneficiary and of affirmative action by him to see that

3. (a) As to the terms of the statute and the applicable regulation, see Hester v. Hester, 5 Cir., 171 F.2d 477, at page 479; as to procedure where there is literal compliance, see Shapiro v. United States, 2 Cir., 166 F.2d 240, certiorari denied Shapiro v. United States, 334 U.S. 859, 68 S. Ct. 1533, 92 L.Ed. 1779.

(b) The intention and an act done for the purpose of accomplishing it are enough, Rosenschein v. Citron, 83 U.S. App.D.C. 346, 169 F.2d 885.

(c) Execution of Form 41 in error, Shapiro v. United States, supra. Senato v. United States, 2 Cir., 173 F.2d 493, 495; Rosenschein v. Citron, supra.

(d) Statements in official forms other than the one prescribed for such purpose, McKewen v. McKewen, 5 Cir., 165 F.2d 761; Kendig v. Kendig, 9 Cir., 170 F.2d 750; Farmakis v. Farmakis, D.C.Cir., 172 F.2d 291; Hart v. United States, D.C.N.J., 84 F.Supp. 912, at page 915; Woods v. United States, D.C.Ala., 69 F. Supp. 760, 762.

(e) Statements in a letter, Gann v. Meek, 5 Cir., 165 F.2d 857; Foster v. Winingham, 10 Cir., 169 F.2d 46, at page 48; Egleston v. United States, D.C.E.D. Ill., 71 F.Supp. 114, at pages 116, 117, affirmed 7 Cir., 168 F.2d 67; Lincoln Bank & Trust Co. v. United States, D.C.Ky., 71 F.Supp. 745; Kendig v. Kendig, supra. See dissenting opinion Phillips, J., in Bradley v. United States, 10 Cir., 143 F.2d 573, at page 578, but see dissenting opinion in Gann v. Meek, supra, 165 F.2d at page 860, for strongest statement against reliance upon a letter.

(f) A writing is a minimum requirement requisite to change the beneficiary, Cohn v. Cohn, D.C.Cir., 171 F.2d 828. The form of writing is immaterial. Farmakis v. Farmakis, supra, and see Claffy v. Forbes, D.C., 280 F. 233, at page 235; Peart v. Chaze, D.C.La., 13 F.2d 908, at page 913. A mere statement, oral or written, that such a change has been made is not sufficient unless followed by appropriate affirmative action, Butler v. Butler, 5 Cir., 177 F.2d 471. Intent alone without the act to effectuate it is not enough. Bradley v. United States, supra; Hester v. Hester, supra.

(g) See Peart v. Chaze, supra, 13 F.2d 908, at page 911. The question is, not what he thought, but did he reasonably comply with the law.

(h) As to the place of origin of the letter, not written under battle conditions, see Butler v. Butler, supra. See also Ramsey v. United States, D.C.Fla., 72 F.Supp. 613. Cf. however Roberts v. United States, 4 Cir., 157 F.2d 906, 909; Gann v. Meek, supra; Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484.

(i) Oral declarations. See Mitchell v. United States, supra; Shapiro v. United States, supra, relying upon Wigmore, 3d Ed., 1772; Hart v. United States, supra; Kendig v. Kendig, supra; Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A. L.R.2d 484; Prose v. Davis, 7 Cir., 177 F.2d 478; Roberts v. United States, supra.

such a change was effected. Delivery of the executed form given to the officer in charge of Group Headquarters was a ministerial act to be performed by the insurer. Under the circumstances the court will treat that as done which ought to have been done and give effect to the insured's desire.[4]

As to the sufficiency of the evidence:

■ Recovery could be sustained by the proof of what occurred at Group Headquarters[5] and, independent thereof, in the light of the surrounding circumstances, upon the basis of the letter from Corsica.[6]

As to the competency of the evidence:

■ We need refer only to the decision in Flood v. United States, supra; however, practically all of the cases have in some measure considered this phase of the problem. It may be of some help to group the several cases and their holdings.[7]

For the foregoing reasons defendant's motions will be denied.

4. Downing v. Downing, 9 Cir., 175 F.2d 40; Prose v. Davis, supra; Foster v. Winingham, supra; Collins v. United States, 10 Cir., 161 F.2d 64; Mikeska v. United States, D.C.Cir., 171 F.2d 153.

5. See cases cited supra, Note 3(c) and (d).

6. See cases cited supra, Note 3(e).

7. (a) Plaintiff could meet the burden of proof with circumstantial evidence. Walker v. United States, D.C.Tex., 70 F.Supp. 422.

(b) The jury could reasonably infer the form had been lost. Gann v. Meek, supra.

(c) As to the evidence necessary to establish by parol the contents of a lost or missing document, see Cohn v. Cohn, supra; Tayloe v. Riggs, Pet. 591, 26 U.S. 591, 595 et seq., 7 L.Ed. 275; Nu Car Carriers v. Traynor, 75 U.S.App.D.C. 174, 125 F.2d 47; 4 Wigmore on Evidence, 3d Ed., § 1278 and see § 1267.

(d) " * * * whenever the intention is of itself a distinct and material fact in a chain of circumstances, it may be proved by contemporaneous oral or written declarations of the party.

The existence of a particular intention in a certain person at a certain time being a material fact to be proved, evidence that he expressed that intention at that time is as direct evidence of the fact as his own testimony that he then had that intention would be. After his death there can hardly be any other way of proving it, and while he is still alive his own memory of his state of mind at a former time is no more likely to be clear and true than a bystander's recollection of what he then said, and is less trustworthy than letters written by him at the very time and under circumstances precluding a suspicion of misrepresentation." Mutual Life Insurance Co. v. Hillmon, 145 U.S. 285, 295, 12 S.Ct. 909, 912, 36 L.Ed. 706, and see Insurance Co. v. Mosley, 8 Wall. 397, 404, 405, 19 L.Ed. 437.

(e) Where a writing is ambiguous it may be made clear by parol. Shapiro v. United States, supra.

(f) The statement in the letter was not a conclusion or opinion but warrants the inference the insured had already written requesting a change. Mitchell v. United States, supra; Gann v. Meek, supra; Roberts v. United States, supra.

"The statement is not hearsay nor is its probative value limited to its bearing on the insured's intent * * * it has dignity at least as evidence of a past act * * * much greater dignity, we think, than has an oral declaration made in the course of a conversation, however serious." Kendig v. Kendig, supra, 170 F. 2d at page 751.

"They are not admissible for the purpose of establishing the substantive fact that the person acted or failed to act * * * only for the purpose of throwing light upon * * * intent in acting or failing to act * * * The letter * * * was not admissible as a narrative of the substantive fact that he took out insurance for her benefit. But it was admissible as a proper token of his intent and purpose in taking out the insurance." Foster v. Winingham, supra [169 F.2d 48]. It will be seen from the foregoing that some of the cases hold that a letter from insured is evidence per se of the change of beneficiary; others that it may be used as a basis from which one might infer other affirmative action had been taken. For the strongest statement against the admissibility of the letter, see dissenting opinion in Gann v. Meek, supra. For purposes of this decision, we need only refer to the holding in Flood v. United States, supra.

(g) The various views are discussed in the note 2 A.L.R.2d, supra.