## ZABOR v. UNITED STATES et al.
### Civ. No. 4385.

United States District Court
W. D. New York.
July 13, 1953.

Phillies & Sandoro, Buffalo, N. Y., George E. Phillies, Buffalo, N. Y., of counsel, for plaintiff.

Nathan A. Borkowski, Buffalo, N. Y., for defendant Jean Siejak.

John O. Henderson, U. S. Atty., Buffalo, N. Y., by James R. Privitera, Buffalo, N. Y., for United States of America.

KNIGHT, Chief Judge.

This action was brought by plaintiff to have determined her right to one-half of the proceeds of a life insurance policy of National Service Life Insurance for $5,000 issued to Bernard N. Zaborowski, a soldier in the United States Army, whose name was thereafter legally changed to Bernard N. Zabor and a replacement certificate was issued by National Service to conform the name of the insured.

Trial was had before me, without a jury, on June 29 and 30, 1953. The sole issue is whether the insured had effectively changed the beneficiary of his National Service insurance policy. At the time the original

7. Carlson v. Landon, 342 U.S. 524, 540–541, 72 S.Ct. 525, 534, 96 L.Ed. 547.

policy was issued the plaintiff, who was the wife of the insured, was to receive one-half of the proceeds and one-half was to be paid to defendant Jean Siejak, sister of the insured.

The testimony of Sergeant Haick, which is not controverted, was that he was present with the insured, then a Mess Sergeant, at a time in May, 1944, when the two men went to the battalion headquarters on the post at Pine Camp, each for the purpose of changing the beneficiary named in his National Service policy. Their desires were made known to the personnel clerk who assisted them in properly filling out the forms, which they signed, each receiving one and the personnel clerk retaining three of the completed forms. Haick testified that the clerk first assisted him and, thereafter, while he waited for Zabor, the same questions put to him were put to Zabor and Haick saw Zabor sign the forms which had been filled in by the clerk who kept three and returned one to Zabor. None of the completed forms relating to Zabor have been found. Zabor died at Buffalo, New York, on June 22, 1948, leaving a will dated June 7, 1948, in which, among other things, he stated: "* * * I also leave to my wife my National Service Insurance which is for 5,000 dollars, not 2,500 like she thinks. * * *."

A letter bearing date "6/21/48 12 P.M." bearing the salutation, "Mine Dear Wife." and signed "Ben" (the insured) was offered and received in evidence and contains the following: "* * * I did name you as my beneficiary on all mine policys. * * *"

Other witnesses for plaintiff (Levan, Hochmuth, Glinski) had heard the insured say that all of the proceeds of the policy were to go to plaintiff. Haick had met insured later when Zabor was a civilian and heard him repeat that plaintiff was his sole beneficiary.

■■■ The court is quite familiar with the rules relating to the construction and the necessary requirements for the changing of a beneficiary named in a National Service Life Insurance policy. The thought or intention by insured to change a beneficiary is insufficient. Gann v. Meek, 5 Cir., 165 F.2d 857; Collins v. United States, 10 Cir., 161 F.2d 64; Bradley v. United States, 10 Cir., 143 F.2d 573; Hester v. Hester, 5 Cir., 171 F.2d 477; Joseph v. United States, D.C., 89 F.Supp. 144. There must also be affirmative action by the insured. Joseph v. United States, D.C., 89 F.Supp. 144 and cases there cited; Collins v. United States, 10 Cir., 161 F.2d 64; Gann v. Meek, 5 Cir., 165 F.2d 857. How far the insured should proceed in his positive action is a question which must be answered in each case. Kendig v. Kendig, 9 Cir., 170 F.2d 750; Gann v. Meek, 5 Cir., 165 F.2d 857. It is not necessary that the insured should comply in the most detailed exactness in requesting a change of beneficiary. Collins v. United States, 10 Cir., 161 F.2d 64; Rosenschein v. Citron, 83 U.S.App.D.C. 346, 169 F.2d 885; Gann v. Meek, 5 Cir., 165 F.2d 857. The requirements may be waived by the insurer. Loss or misplacing of the written request for change of beneficiary is not fatal where there is evidence of its existence and contents.

■■■ In the case at bar we have the testimony of a disinterested witness (Haick) that he was with the insured at the time when a written request was made, signed and delivered by insured to the proper place and person and that he saw and heard what transpired between the insured and the personnel clerk. Joseph v. United States, D.C., 89 F.Supp. 144. In addition we have oral testimony of several disinterested witnesses that insured stated he had changed the beneficiary of the insurance to his wife alone which is supported by writings of the insured—his will and the letter to his wife—when there was no challenge of the truth. These things taken together import verity. Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484; Gann v. Meek, 5 Cir., 165 F.2d 857; Roberts v. United States, 4 Cir., 157 F.2d 906; Kendig v. Kendig, 9 Cir., 170 F.2d 750; Foster v. Winingham, 10 Cir., 169 F.2d 46.

Certainly the government intended only to require satisfactory evidence of the intent of the insured to change the beneficia-

ry, together with satisfactory evidence showing positive action on his part to effectuate such intent. In this case the government stands as a stakeholder. To complete the change of beneficiary is but a ministerial act. Collins v. United States, 10 Cir., 161 F.2d 64.

In the circumstances plaintiff should have judgment.

Judgment is granted in favor of plaintiff and against defendants in the sum of $2500 dollars.