## KENDIG v. KENDIG et al.

### No. 11927.

United States Court of Appeals
Ninth Circuit.

Nov. 17, 1948.

Gust, Rosenfeld, Divelbess, Robinette & Linton and James C. Engdahl, all of Phoenix, Ariz., for appellant.

Cunningham, Carson, Messinger & Carson, Gene S. Cunningham and Wm. H. Messinger, all of Phoenix, Ariz., for appellees.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellant, the widow of Wiley SoRelle Kendig, sued the United States and the mother of Kendig to recover on a $10,000 National Service Life Insurance policy, her claim to be the beneficiary thereof having been rejected by the Veterans Administration and that of the mother recognized. At the close of plaintiff's case the court directed the jury to return a verdict for the defendants. The question on the appeal is whether there was enough evidence of a change of beneficiary to require submission of the cause to the jury.

Kendig entered the Navy as an aviation cadet and shortly took out the insurance, designating his mother as beneficiary. He was then unmarried. After receiving his commission as an officer and after a period of flying duty he returned on leave to his home in Phoeniz, Arizona, where on November 29, 1943, he married appellant who had been his sweetheart while both were in college. Kendig took appellant to his station at Norfolk and later to Atlantic City, New Jersey, where on March 23, 1944, he was killed in a plane crash. His wife was pregnant at the time of his death. Shortly before his death Kendig told appellant that he had changed the beneficiary of his insurance, and Kendig's brother testified that a few days prior to the crash he was told by Kendig that the latter had sent in a form to change the beneficiary of his government insurance from his mother to his wife. The form, if actually sent, appears not to have been found in the files of the Veterans Administration.

During the period of his service at Atlantic City Kendig filled out and signed

a confidential statement in which, among other things, he stated that he held a National Service Life Insurance policy in the amount of $10,000, located with his mother at Phoenix, and he gave appellant's name as the beneficiary thereof. This statement was shown appellant by Kendig's squadron commander after Kendig's death. We understand it to be the practice at the United States Naval Air Stations to have these confidential forms filled out by each officer upon his reporting for duty. The statement is then sealed and placed with the officer's records to be opened only in the event of the death or serious injury of the officer concerned.

The applicable statute, 38 U.S.C.A. §§ 802(g), recognizes the absolute right of the insured to change the beneficiary. The regulation in force at the period in question provides: "A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans Administration by the insured or his agent, and containing sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans Administration. Upon receipt by the Veterans Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution. * * *"

█ In cases involving a change of beneficiary under war risk insurance policies the courts have striven to effectuate the manifest intention of the insured provided always he has taken some affirmative action evidencing an exercise of the right to change. There have been differences of opinion only as to the degree or nature of the action necessary to effect the substitution. Strict compliance with the administrative regulation is not exacted.[1]

█ Kendig's confidential statement filed with his Aviation squadron is the most important item of proof here. The mother claims it is purely hearsay, or, if competent for any purpose, that it can be considered only as evidence of an unexecuted intent. We disagree. The statement is not hearsay nor is its probative value limited to its bearing on the insured's intent, if indeed it bears more than retrospectively on that subject. It has dignity at least as evidence of a past act—much greater dignity, we think, than has an oral declaration made in the course of a conversation, however serious. Oral declarations of this type are likely to be misunderstood or misreported, or they may have been intended merely to reassure. This statement, on the contrary, imports verity. Its solemnity becomes evident when we remember that it was prepared and signed by one who realized that his life was hourly in jeopardy and who was aware of the inexorable circumstances under which, only, the document would be opened and read.

In Bradley v. United States, 10 Cir., 143 F.2d 573, a confidential statement of this type was held by a divided court to be insufficient evidence of a change of beneficiary. However, the court considered the statement only from the standpoint of its representing in and of itself an attempt to effect the change. Here, as already noted, there was testimony of the insured's having told his brother that he had sent in a form changing the beneficiary. The confidential statement tends at least to substantiate this declaration. It is not inconceivable that such a form was actually sent but became lost or misplaced in the files of the Administration.

We note, further, that in the Bradley case the Veterans Administration, after investigation, had accepted the soldier's confidential statement as effecting a valid change of beneficiary. Presumably that body would have made the same ruling in this instance had it not been for the adverse holding of the court in that suit.

█ We conclude that the trial court was in error in taking the case from the jury. The judgment is accordingly reversed and the cause remanded with directions to grant a new trial.

---

[1] The cases are collected and the applicable principles clearly stated in Mitchell v. United States, 5 Cir., 165 F.2d 758, 760. Consult also the more recent case of Rosenschein v. Citron, C.A.D.C., 169 F.2d 885.