**336**

GULLEY v. UNITED STATES et al.
No. 867.

United States District Court,
D. Nevada.
Dec. 16, 1953.

Robert R. Gill, Ely, Nev., for plaintiff.

James W. Johnson, Jr., U. S. Atty., Reno, Nev., for defendant United States.

Oliver C. Custer, Reno, Nev., Ridley C. Smith, Santa Ana, Cal., for defendant Mary Jane Gulley.

FOLEY, District Judge.

Plaintiff Betty Gulley, the mother of Wallace Phillip Gulley, brought this action against the United States of America and Mary Jane Gulley to determine whether she or Mary Jane Gulley, now Mary Jane Wauson, is entitled as beneficiary to the proceeds of a National Service Life Insurance policy issued July 1, 1943, on the application of Wallace Phillip Gulley.

In Bradley v. United States, 10 Cir., 143 F.2d 573, a National Service Life Insurance policy was issued to Eugene Morris Bradley while serving as a flying officer in the United States Army, in which his mother was designated as beneficiary. .Subsequently he married and his wife testified at the trial that the insured had discussed with her the matter of changing the beneficiary in his policy from his mother to her and had expressed an intention to do so. She also testified that he later informed her that "he had taken care of the insurance at the army base." Affidavits of a number of his comrades stated he had on numerous occasions discussed with them the proposition of changing the beneficiary of his insurance from his mother to his wife and that he had sought and obtained advice from them concerning the method for effecting the change and expressed an intention so to do. After the death of the insured, the Veterans' Administration requested and received the "confidential personal report" executed by the insured and filed with the Headquarters of the 57th Pursuit Group, Windsor Locks, Connecticut. The Veterans' Administration informed the mother of its receipt of the report, and that according to it, her son had stated that his wife was the beneficiary under the government insurance. The Court in its opinion stated, 143 F.2d at page 577:

"(6) In every case involving war risk insurance wherein the courts have recognized and decreed a change of beneficiary, the facts have amply shown not only an expressed intention, but positive and unequivocal acts on the part of the insured, designed to effectuate his expressed intentions. [Citing cases.] And in the absence of some act or deed hav-

ing for its purpose the execution of the insured's intention, the courts have refused to decree a change of beneficiary. [Citing cases.]

"(7) To meet this postulate, it is argued that the 'confidential personal report' executed by the insured, addressed to and filed with his group headquarters, constituted not only an expression of his intention, but an attempt to change the beneficiary from his mother to his wife, which the court should recognize as the fulfillment of his intentions and the requirements of the regulations. * * *

"(8) * * * When given its most liberal construction in the light of all the facts and circumstances, we are convinced that it [confidential personal report] cannot be treated as an effectuation of the insured's intention to change his beneficiary."

Circuit Judge Murrah delivered the opinion of the Court, Circuit Judge Bratton concurred, and Circuit Judge Phillips dissented. There is a difference of opinion on the questions here presented among the circuits—some follow the prevailing opinion and others the dissenting opinion. Judge Phillips, considering the confidential report said:

"In the report, referred to in the majority opinion, the insured stated that he had the policy of insurance and that the beneficiary thereunder was Ann M. Bradley, his wife, and that the policy was in her possession. That he believed that by making such statement in the report and delivering the policy to his wife he had effected the change of beneficiary is manifest by the fact that immediately thereafter he told his wife he had 'taken care of the insurance at the Army Base.' "

In the present case, the confidential report does not show who had custody of the policy.

In Shapiro v. United States, 2 Cir., 166 F.2d 240, 241:

" * * * the insured reported to Lt. Dunn, a battalion adjutant at Fort McClellan, Alabama, and said he had recently been married and wished to change the beneficiary of his insurance policy from his mother to his wife. A day or two later, he stated to Dunn that he wished to fill out the form so changing his beneficiary. Lt. Dunn told a clerk to give Shapiro the form for changing his life insurance beneficiary. The clerk gave him a W. D., A. G. O. Form No. 41 which, though entitled 'Designation of Beneficiary', was not designed to be used to change the beneficiary of an insurance policy but was a form intended for designating the beneficiary of the six months' gratuity, payable in case of death, and the person to be notified in case of emergency. * * * Shapiro filled out and signed this form, naming his wife as primary beneficiary, and his mother as alternate beneficiary, in the event the wife died before payment was made. Lt. Dunn then witnessed this form, which was forwarded by the message center to the War Department in Washington. * * *

"(4) We have in the case at bar both an act of the insured in signing the form, and oral evidence of his intent to effect thereby a change of beneficiary of his insurance policy. Under the authorities, a change of beneficiary was thus legally effected. [Citing cases.]"

In referring to Bradley v. United States, 10 Cir., 143 F.2d 573, and Judge Phillips' dissenting opinion therein, and Collins v. United States, 10 Cir., 161 F.2d 64, the Court, near the close of its opinion, stated:

"We cannot say that either decision differed as a matter of law from the other authorities we have cited, or from the conclusion we have reached in the case at bar. If the

Bradley decision be thought to differ, the conclusion reached in the dissenting opinion of Judge Phillips accords with our own views."

In Kendig v. Kendig, 9 Cir., 170 F.2d 750, 751, Circuit Judge Healy, speaking for the Court of a confidential statement such as we have here, said:

"(2) Kendig's confidential statement filed with his Aviation squadron is the most important item of proof here. The mother claims it is purely hearsay, or, if competent for any purpose, that it can be considered only as evidence of an unexecuted intent. We disagree. The statement is not hearsay nor is its probative value limited to its bearing on the insured's intent, if indeed it bears more than retrospectively on that subject. It has dignity at least as evidence of a past act—much greater dignity, we think, than has an oral declaration made in the course of a conversation, however serious. Oral declarations of this type are likely to be misunderstood or misreported, or they may have been intended merely to reassure. This statement, on the contrary, imports verity. Its solemnity becomes evident when we remember that it was prepared and signed by one who realized that his life was hourly in jeopardy and who was aware of the inexorable circumstances under which, only, the document would be opened and read."

The Court, having heard the evidence adduced at the trial, makes the following findings of fact and conclusions of law:

## Findings of Fact

1. That this action was brought under and by virtue of 38 U.S.C.A. § 445, and following.

2. That plaintiff is the mother of Wallace Phillip Gulley. That Wallace Phillip Gulley enlisted in the United States Marine Corps on May 28, 1943, and was honorably discharged therefrom at Tientsin, China, on March 20, 1946, and reenlisted in said Marine Corps on March 21, 1946; that he died on August 13, 1947, from injuries sustained in a motorcycle-automobile collision while still in the Service and stationed at the United States Marine Corps Air Station at El Toro near Santa Ana, California.

3. That on July 1, 1943, a certificate of National Service Life Insurance in the amount of $10,000, payable in case of death, was issued to said Wallace Phillip Gulley and that his mother, the plaintiff Betty Gulley, was named as beneficiary therein.

4. That monthly premiums of $6.40 each were deducted from the service pay of Wallace Phillip Gulley and paid to the Veterans' Administration and that said National Service Life Insurance certificate remained in full force and effect at the time of his death; that no written request for change of beneficiary was made on the form designated by applicable regulations of the Veterans' Administration.

5. That on December 6, 1947, plaintiff made claim in writing to the Veterans' Administration of the United States for the sum due beneficiary under said certificate of insurance; that the widow, Mary Jane Gulley, also made claim to such insurance to the Veterans' Administration and submitted evidence for the purpose of showing that a change in beneficiary was made in her favor. That on December 28, 1948, plaintiff was advised that the conflicting claims had been determined in her favor; that on March 10, 1949, plaintiff received notice from said widow of her intention to appeal; and that on August 19, 1949, plaintiff was advised that said appeal had been certified to the Board of Veterans' Appeals.

That on April 12, 1950, plaintiff received notice that a decision constituting an administrative denial of her claim had been reached by the Board of Veterans' Appeals and that unless notice was received within sixty (60) days of plaintiff's intention to institute further legal action, settlement of other claims for such insurance, if any, would be effected. That notice of plaintiff's inten-

tion to institute legal action was given in writing under date of April 22, 1950, and that this action was brought pursuant thereto.

6. That Wallace Phillip Gulley and Mary Jane Gulley were married at Downey, California, on October 15, 1946, and that they continued to be husband and wife until the death of said Wallace Phillip Gulley on August 13, 1947. That after the death of Wallace Phillip Gulley, his then widow, Mary Jane Gulley, remarried on December 29, 1950, to a man named Wauson.

7. That on January 29, 1947, the then Mary Jane Gulley caused a policy of life insurance to be issued by Occidental Life Insurance Company in the sum of $2,000 naming her husband Wallace Phillip Gulley as beneficiary thereof. That said policy was in lieu of a former policy of the same company naming Mary Jane Gulley's mother as beneficiary.

That at or about the time of such change of beneficiary in favor of decedent, he stated to his wife that he was also going to change his said National Service Life Insurance certificate over to her as beneficiary.

Several months after the conversation of about January 29, 1947, defendant Mary Jane Gulley informed decedent that she contemplated taking out another insurance policy and in response to such suggestion, the following conversation in substance occurred between decedent and said Mary Jane Gulley:

He responded by informing her that they were paying enough premium for insurance and Mary Jane Gulley then made the following statement, for the moment not thinking of the National Service Life Insurance certificate: "Well, you don't have any insurance." And decedent replied, "I do. I have $10,000 in government insurance in your name." And he stated that he was then paying $6.40 a month premium for the National Service Life Insurance policy.

8. That during the month of June, 1947, at El Toro, California, Neil D. Baker, then a member of the Marine Corps, inquired of decedent whether he had had his insurance changed and decedent replied that he had had his insurance changed to his wife's name, and decedent informed said Baker that his wife Mary Jane Gulley was the beneficiary of his National Service Life Insurance, and decedent informed said Baker that the amount of said insurance was $10,000. That said conversation was in the back room of the Staff NCO Club, Marine Corps Air Station, El Toro, California.

9. That on February 5, 1947, said decedent Wallace Phillip Gulley executed and filed in the office of Headquarters Squadron, U. S. Marine Corps Air Station, El Toro (Santa Ana), California, a document called "Confidential Statement" which, among other matters, contained the following:

"11. I hold the following insurance policies:

| (1) | NSI | 10,000 | Mrs. Wallace P Gulley" |
|-----|-----|--------|-------------------------|
| | (Company) | (Amount) | (Beneficiary) |

That the Mrs. Wallace P. Gulley named therein as beneficiary is the said Mary Jane Gulley.

10. That a few days after Mother's Day in May, 1947, decedent Wallace Phillip Gulley stated in substance to his brother Guy William Gulley as follows: "* * * in the event that the folks were separating, that he was leaving his insurance in his mother's name, due to the fact that she had a home, which she did, and no other source of income."

11. That said decedent did state on or about Mother's Day in May, 1947, to his sister Virginia Barbee in substance as follows: "My brother told me he was having trouble with his wife and he did not change his insurance; he had left it the way he had previously made it to my mother, without any contingent."

12. That on the occasion of the visit of the decedent Wallace Phillip Gulley, on or about Mother's Day, 1947, or at any other time or at all, there was no conversation by the mother, or in her presence by any other person, concern-

**340**

ing who then was, or who was to be, designated as beneficiary of the aforesaid National Service Life Insurance.

13. That Oliver C. Custer, Attorney at Law of Reno, Nevada, and Ridley C. Smith, Attorney at Law of Santa Ana, California, prepared and caused to be filed in this action the answer of Mary Jane Gulley to plaintiff's complaint; that said attorneys performed services in the gathering of the evidence submitted to the Court herein on behalf of said Mary Jane Gulley and in support of her claim; that they represented her and acted as her attorneys and counselors in all proceedings before this Court in this action, including the trial of the case.

### Conclusions of Law

From the foregoing facts the Court concludes:

1. That on or about January 29, 1947, Wallace Phillip Gulley first manifested his intention to change beneficiaries under the National Service Life Insurance certificate issued to him July 1, 1943, that is, to make Mary Jane Gulley, his wife, beneficiary instead of Betty Gulley, his mother, who was originally designated as beneficiary in said certificate.

2. That on February 5, 1947, said Wallace Phillip Gulley took affirmative action evidencing an exercise of his right to change beneficiary by filing, on said date, with Headquarters Squadron, United States Marine Corps Air Station, El Toro (Santa Ana), California, his "Confidential Statement" containing among other matters the following:

"11. I hold the following insurance policies:

| (1) | NSI | 10,000 | Mrs. Wallace P Gulley" |
|---|---|---|---|
| | (Company) | (Amount) | (Beneficiary) |

3. That the defendants, Mary Jane Gulley, now Mary Jane Wauson, and the United States of America, are entitled to judgment and that judgment herein should be entered as follows:

A. Adjudging and decreeing that plaintiff Betty Gulley take nothing by her complaint on file herein;

B. Adjudging and decreeing that said Mary Jane Gulley is the beneficiary in said policy of National Service Life Insurance of Wallace Phillip Gulley, deceased, and that she have all the proceeds from said policy of life insurance including attorneys' fees as hereinafter indicated;

C. Adjudging and decreeing that each party pay its own costs herein incurred.

4. That defendant Mary Jane Gulley's attorneys are entitled to fees for their services in this action in an amount to equal ten (10) per centum of the amount recovered and to be paid by the Veterans' Administration out of the payments to be made under the judgment herein at a rate not exceeding one-tenth of each of such payments until paid.

Let Judgment be Entered Accordingly.