**Bonnie Howe PARKER, Plaintiff,**

v.

**UNITED STATES of America, and Anna Katherine Howe, Defendants.**

**Civ. No. 3687.**

United States District Court
D. Colorado.

Oct. 4, 1954.

Colin James, Denver, Colo., for plaintiff.

Ireland, Ireland, Stapleton & Pryor, Max M. Bulkeley, U. S. Atty., Denver, Colo., and Robert D. Inman, Asst. U. S. Atty., Boulder, Colo., for defendants.

WALLACE, District Judge.

The plaintiff, Bonnie Howe Parker, divorced wife of Richard Dean Howe, now deceased, brings this action to gain judicial recognition that she, as one of named beneficiaries, is entitled to $5,000 of the proceeds of a $10,000 National Service Life Insurance policy issued to the de-

cedent and in effect at the time the insured died in a civilian airplane crash on May 23, 1949.[1]

The life insurance policy in question was taken out by the decedent on May 1, 1942, just after induction into the United States Navy. At the time the policy was issued, decedent's mother, Mrs. Anna Katherine Howe, defendant in this action, was designated sole beneficiary. On November 1, 1944, the insured signed a regularly recognized "Change of Beneficiary" form designating that his mother, defendant herein, and his wife, the plaintiff herein, should share alike as beneficiaries, $5,000 to go to each of them.[2] Prior to the death of the insured the plaintiff divorced him and remarried.

After the death of the insured on May 23, 1949, and based upon a notation contained in the decedent's "Confidential Data Sheet" which had been signed April 19, 1949, wherein insured's mother, Anna Howe, was mentioned to be the beneficiary under the policy,[3] the Veterans' Administration ruled that the mother was the sole beneficiary and that the insured's former wife had no rights under the policy.[4]

At the conclusion of the evidence in the trial before the Court, the Court ruled from the bench that the evidence indicated that the insured desired to have his mother, the defendant in this action, receive the entire $10,000, to the exclusion of his former wife, the plaintiff. However, the Court took under advisement the single issue of whether an affirmative act effectuating a change of beneficiary from the original change designating that the plaintiff and defendant share alike had taken place.

▉ The Court has carefully studied the briefs of counsel and all cases cited therein and has concluded that the case of Bradley v. United States, the majority opinion written by Judge Murrah, is controlling over the case at bar.[5] The for-

---

1. This action is brought under 38 U.S.C.A. §§ 445, 817.

2. The form used for this change of beneficiary was "Veterans Administration Insurance Form 336, which contained the caption "Use a Separate Form for each Policy on which a Change of Beneficiary Is Desired—Change of Beneficiary—National Service Life Insurance."

3. The confidential data sheet headed up "U. S. Naval Air Station—Anacostia, D.C." contained the following preliminary remarks: "*Confidential*—This form will be completed by all enlisted personnel reporting to the Naval Air Station, Anacostia, D.C., for duty—including temporary duty—placed in an envelope and sealed, and delivered to the Personnel Office. The envelope will be opened only in case of death and will be returned unopened to the individual upon his detachment from this station. Whenever changes may occur in the contents of this form such as change in beneficiary or addresses—the man concerned is responsible for obtaining this form from the Personnel Office and make the necessary changes therein. In this manner, this form will always be up to date." The other portion of the confidential data sheet pertinent to this action provides: "I Hold The Following Insurance Policies: Name of Company *National Serv-* *ice Life* Amount *10,000* Location of policy *Navy* Beneficiary *Anna Howe.* * * * "

4. The reason given by the Veterans' Administration for making such an administrative determination was stated as follows: "Decision in favor of Anna Katherine Howe and adverse to plaintiff was based on the data hereinbefore enumerated. Conclusion reached that insured not only intended to make his mother the sole beneficiary of his insurance policy, but effectuated such intention by the statements made by him on the Confidential Report Form; that plaintiff had long been divorced from insured; that statements made by insured to the various persons hereinbefore enumerated to the effect that he wanted his mother to have the entire insurance sustains the conclusion that the insured, by executing the confidential report form on April 19, 1949, believed he had executed a change of beneficiary in favor of his mother. That there are no reasons present from which it could be concluded that the insured wanted his former wife to share in his insurance, but all indications are to the contrary. That all things considered, the evidence establishes that the change of beneficiary designation was authorized by the insured in favor of his mother."

5. 10 Cir., 143 F.2d 573.

mula expressed by Judge Murrah as applied to the facts in the instant case leaves no doubt in this Court's mind but what the insured, as in the Bradley case, supra, intended that the beneficiary be changed but took absolutely no affirmative action to consummate such change. The only objective act which has been urged as bringing about a change in the designated beneficiaries is a notation in the insured's Confidential Data Sheet, signed a little over a month prior to the death of the insured, wherein the insured's mother, the defendant herein, was listed as the beneficiary of his National Service Life Policy.

As observed in the majority opinion in the Bradley case where an identical argument was advanced: [6]

"There is nothing in the confidential report or the evidence in this case from which it can be legitimately inferred that it was intended for the use and information of the Veterans' Administration, or that its purpose was to effect a change of beneficiary under the life insurance policy. * * * At most it indicates a belief or understanding that his wife was the then present beneficiary. *When given its most liberal construction in the light of all the facts and circumstances, we are convinced that it cannot be treated as an effectuation of the insured's intention* to change his beneficiary." (Emphasis supplied.)

Likewise, in the instant case, the insured took no affirmative steps to change the named beneficiaries after the original change was made in November of 1944 which named his wife and his mother.

The defendant implies that several authorities differ with the conclusion reached by the majority Court in the Bradley case.[7] Although these cited cases can be distinguished from the Bradley case, as well as the case at bar,[8] in any event this Court is bound by the majority opinion in the Bradley case decided in this circuit. In addition, this Court is satisfied that the principles recognized in the Bradley case constitute the only pattern consistently usable to determine the rights of parties under National Life Insurance policies, even though, as in the instant case, at times the ultimate result may be contrary to what the Court earnestly conceives to have been the intent of the insured. Although decisions have long recognized that an intention to change beneficiary must be accompanied by some affirmative act designed to so change;[9] and, even

---

6.  143 F.2d at page 577.

7.  Gulley v. United States, D.C.Nev., 1953, 117 F.Supp. 336; Kendig v. Kendig, 9 Cir., 1948, 170 F.2d 750; Shapiro v. United States, 2 Cir., 1948, 166 F.2d 240.

8.  In the Gulley case, fn. 7, supra, in addition to executing a Marine Corp "Confidential Statement", the insured told several disinterested persons that he 'had changed his beneficiary, whereas in the instant case only testimony evidencing an intent to in the future change the beneficiary existed. In the body of the opinion in the Kendig case, fn. 7, supra, 170 F.2d at page 751, the Bradley case was distinguished from the case before the Court when the Court said: "In Bradley v. U. S., 10 Cir., 143 F.2d 573, a confidential statement of this type was held by a divided court to be insufficient evidence of a change of beneficiary. However, the court considered the statement only from the standpoint of its representing in and of itself an attempt to effect the change. Here, as already noted, there was testimony of the insured's having told his brother that he had sent in a form changing the beneficiary. The confidential statement tends at least to substantiate this declaration. It is not inconceivable that such a form was actually sent but became lost or misplaced in the files of the Administration." The Shapiro case, fn. 7, supra, involved the use of War Department, Adjutant General's Office Form No. 41 which without exception has been held to validly effect a change of beneficiary.

9.  "It has been held without exception that a mere intent to change a beneficiary is not enough. Such an intent must be followed by positive action on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts diverge is as to the degree of affirmative action necessary to effect a change." Collins v. United States, 10

though Courts should be most liberal in taking legal cognizance of affirmative acts reasonably interpretable as done in furtherance of the expressed wishes of the insured,[10] the Courts must not promiscuously seize upon an act which in all logic cannot be deemed as done to effectuate a change and thus by loose judicial interpretation in effect destroy the affirmative act requirement.[11]

The plaintiff is entitled to judgment. Counsel should submit a journal entry which conforms with this opinion within twenty days.

Dated this 4th day of October, 1954.

THE UNITED STATES of America, Petitioner,

v.

J. Myer SCHINE, Louis W. Schine, John A. May, Howard M. Antevil, Donald G. Schine, Elmer Lux, Schine Chain Theatres, Inc., Schine Theatrical Co., Inc., Schine Lexington Corporation, Schine Enterprises Corporation, Schine Circuit, Inc., Chesapeake Theatres Corporation, Hildemart Corporation, Darnell Theatres, Inc., Elmart Theatres, Inc., Respondents.

Cr. A. No. 6279–C.

United States District Court
W. D. New York.

Aug. 12, 1954.

Cir., 1947, 161 F.2d 64, 67. See also Boring v. United States, 10 Cir., 1950, 181 F.2d 931; Bradley v. United States, fn. 5, supra, 143 F.2d at page 576.

10. As observed by Judge Huxman in Boring v. United States, fn. 8, supra, 181 F.2d at page 933: "Without exception, the courts have held that strict compliance with the regulations to effect a change in beneficiary by the soldier was not required, and that technicalities would

be brushed aside in an effort to carry out the declared intent of the insured in this class of cases."

11. "* * * The expressed intention of the insured to change the beneficiary, standing alone and unaccompanied by some affirmative act, having for its purpose the effectuation of his intention, is insufficient to effect a change of beneficiary and the courts cannot act when he has not first attempted to act for him-

John O. Henderson, U. S. Atty., Buffalo, N. Y., Herbert Brownell, Jr., Atty. Gen. of U. S., Stanley N. Barnes, Asst. Atty. Gen., Joseph E. McDowell, Trial Atty., Washington, D. C., Lewis Bernstein, Herbert F. Peters, of counsel, William D. Kilgore, Jr., Acting Chief, Judgments and Judgment Enforcement Section, Washington, D. C., for petitioner.

Raichle, Tucker and Moore, Buffalo, N. Y., Frank G. Raichle, Buffalo, N. Y., James O. Moore, Jr., Buffalo, N. Y., of counsel, for Howard M. Antevil.

William B. Mahoney, Buffalo, N. Y., for Elmer Lux.

self. [Citing authority.] We can only liberally construe that which he has attempted to do in his own behalf, but for some reason has failed to accomplish the desired or intended result. This is a fundamental rule of equitable jurisprudence which guides and directs equitable proceedings." Bradley v. United States, fn. 5, supra, 143 F.2d at pages 576, 577.