Candelario A. **AGUILAR**, Appellant,

v.

**UNITED STATES** of America and
Frances G. Aguilar,
Appellees.

No. 14672.

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1955.

Jack C. Cavness, Phoenix, Ariz., for petitioner.

Flynn, Van Haren & Stewart, Phoenix, Ariz., Jack D. H. Hays, U. S. Atty., Wm. A. Holohan, Asst. U. S. Atty., Phoenix, Ariz., for appellees.

Before ORR and FEE, Circuit Judges, and JAMES M. CARTER, District Judge.

ORR, Circuit Judge.

Appellant, the father of Raymond R. Aguilar, deceased, brought an action against Frances G. Aguilar, the widow of Raymond R. Aguilar, and the United States asking a judgment declaring appellant to be the beneficiary of a policy and certificate of National Service Life Insurance issued on the life of Ray-

mond R. Aguilar, a war veteran. Appellant's claim that he is the beneficiary under said policy was rejected by the Veterans Administration and it recognized the widow as such. The trial court found that the veteran had legally changed the beneficiary from his father to his wife, and entered its judgment accordingly. An examination of the record leaves us with the conclusion that the finding of the trial court is not clearly erroneous and has substantial support in the evidence.

▉ Two conditions must be established in order to warrant a finding that a change of beneficiary actually took place, viz., an intention to change, and the taking of some affirmative action evidencing the exercise of the right to change.

▉ In order to warrant a finding of a change of beneficiary by a veteran no strict rule is applied and courts strive to give effect to the manifest intention of the insured, provided there is established some affirmative action taken by the insured to accomplish that end. The strictness applied in determining whether a change has been consummated varies in the circuits. The case of Kendig v. Kendig, 9 Cir., 170 F.2d 750, has charted the course for us. In that case the court was confronted with a more difficult problem than we face because it found it necessary to upset a finding of the trial court that a change of beneficiary had not been shown. In the Kendig case the veteran, shortly before his death, informed his wife that he had changed the beneficiary of his insurance. The veteran's brother testified that a few days before the veteran's death he had told him, the brother, that he had sent in a form to change the beneficiary of his government insurance from his mother to his wife. Kendig, the veteran, filled out a confidential statement in which he stated that he held a National Service Life Insurance policy in the amount of $10,000 located with his mother in Phoenix and gave the name of his wife as beneficiary. Our reason for detailing the facts in the Kendig case is to permit a comparison with the facts in the instant case in order to point up the substantiality of the evidence on which the trial court in the instant case relied.

The veteran, Raymond R. Aguilar, while on leave from the Air Force, married appellee Frances G. Aguilar, on December 31, 1948. They were together until January 8, 1949. The veteran then left for Langley Field, Virginia, where he was stationed for a few weeks. He was later stationed at the Air Force Base in Munich, Germany. He was killed in an accident there on April 2, 1950.

On the date of the marriage of appellee Frances G. Aguilar and the veteran, he, the veteran, soon after the return of the wedding party from the church where the marriage took place, told his sister that he was going to make out his allotments in order that his wife could start receiving them and was also going to make her the beneficiary of his National Service Life insurance. On December 31, 1948, the veteran asked his brother, also a veteran, what action he should take in order to effectuate a change of beneficiary in his National Service Life insurance. On several occasions he, the veteran, informed his wife that he intended to make her the beneficiary of his National Service Life insurance. Under date of January 26, 1949, the veteran wrote his wife and in the letter stated, among other things: "I straightened out everything to-day. I changed everything to your name. For instance my G.I. insurance." And again, the veteran wrote his wife and in that letter stated: "You don't have to fill out any papers at all, cause I have straightened everything out. You will start getting a check next month."

Appellant readily concedes that in the light of the evidence in the record, the intent of the veteran to change the beneficiary is clearly established, but insists that no affirmative act to accomplish that purpose appears. In the letters written by the veteran we think there is evidence of a past act which is of much greater

**416**

dignity than the recorded statement of the veteran in the Kendig case: The statements in the letters as to changing everything to appellee's name, are buttressed by the fact that the veteran had knowledge as to what he was required to do in order to effectuate the change of beneficiary. The veteran was on the threshold of a trip overseas and a long separation from his wife was in prospect. That he had deep affection for and concern for the welfare of his bride is evidenced by his statements and written word. This concern was expressed to near relatives on the night of his marriage. Under the circumstances it seems quite natural that he would take the first opportunity to insure her protection. He had asked his brother how to go about doing so and soon thereafter reduced to writing a statement that he had done so. No more competent evidence of an affirmative act having been taken could have been produced short of the production of a written instrument containing the change. The production of evidence of this dignity, the courts have said, is not required, if other competent evidence convinces the trier of the facts that such an instrument at one time was executed.

Affirmed.