**Betty GULLEY, Appellant,**

v.

**Mary Jane GULLEY, Also known as Mary J. Gulley, Now Mary Jane Wausson, and United States of America, Appellees.**

**No. 14328.**

United States Court of Appeals
Ninth Circuit.

March 13, 1956.

Rehearing Denied April 20, 1956.

Chambers, Circuit Judge, dissented.

Robert R. Gill, Ely, Nev., for appellant.

Oliver C. Custer, Reno, Nev., Ridley C. Smith, Santa Ana, Cal., for appellant Mary Jane Gulley.

Franklin P. R. Rittenhouse, U. S. Atty., Las Vegas, Nev., for appellee United States.

Before ORR, POPE and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

This action was brought by the appellant, Betty Gulley, in the United States District Court following a determination by the Veterans Administration adverse to her claim to the proceeds of certain National Service Life Insurance and in favor of the application of the appellee, Mary Jane Gulley. The appeal presents facts similar to those in cases which have been before this and other courts wherein the mother and widow of a deceased veteran have litigated as to which had the right to receive the proceeds of a National Service Life Insurance policy. In these cases no formal change of beneficiary form has been available as evidence and the courts have been forced to rely upon extraneous circumstances. In the instant case we have an additional element to those appearing in the cases of Kendig v. Kendig, 9 Cir., 1948, 170 F.2d 750 and Aguilar v. United States, 9 Cir., 1955, 226 F.2d 414, consisting of a conflicting statement made by the veteran.

On October 15, 1946 the veteran was married to Mary Jane Gulley, the appellee. On January 29, 1947 Mary Jane obtained an insurance policy on her own life from the Occidental Life Insurance Company in the amount of $2000 and designated her husband, the said Wallace P. Gulley, as beneficiary. This policy was issued by the Occidental Company in lieu of a policy previously held by Mary Jane wherein the latter's mother was named as beneficiary. On or about the date of the issuance of the new Occidental policy, January 27, 1947, the veteran stated to his wife that he intended to change the beneficiary designation of his National Service Life Insurance so as to make her beneficiary. The beneficiary originally designated was appellant Betty Gulley, the insured's mother. Several months thereafter, when the subject of insurance was again under discussion, the veteran told his wife, "I have $10,000 in government insurance in your name."

On February 5, 1947 the veteran executed and filed with his commanding officer a confidential statement which contained the following declaration:

"11. I hold the following insurance policies:

(1) (Company) N.S.I. (Amount): $10,000 (Beneficiary): Mrs. Wallace P. Gulley."

On or about Mother's Day in 1947 the insured stated to his sister Virginia Barbee substantially as follows: "My brother told me he was having trouble with his wife and he did not change his insurance; he had left it the way he had previously made it to my mother, without any contingent."

A few days after Mother's Day 1947 the veteran told his brother in substance as follows, " * * * in the event that the folks were separated, that he was leaving his insurance in his mother's name, due to the fact that she had a home, which she did, and no other source of income."

During the month of June 1947 Neil D. Baker, a fellow marine, inquired of the deceased whether the latter had had the beneficiary changed on his insurance. The deceased told Baker that he had changed his insurance to his wife's name, further stating that his wife was the beneficiary of his $10,000 life insurance policy.

The trial court was not persuaded and we agree that the conflicting statement made by the veteran to his sister carried such weight and probative value as to place this case without the ambit of the Kendig and Aguilar cases and thus destroy their controlling effect. The findings and judgment of the court below are supported by the confidential statement made by the veteran. An identical statement was characterized in Kendig, supra, 170 F.2d at page 751, as having, "dignity at least as evidence of a past act—much greater dignity, we think, than has an oral declaration made in the course of a conversation, however serious. Oral declarations of this type are likely to be misunderstood or misreported, or they may have been intended merely to reassure."

The court could reasonably have drawn the conclusion, after taking into consideration the circumstances under which it was made, that the statement of the veteran to his sister was made "merely to reassure." Such a conclusion would have been reasonable because, subsequent to the statement made to the sister, the veteran, being then removed from the family influence, stated to a disinterested witness, a fellow marine, that he had changed the beneficiary from his mother to his wife. The statements made by the veteran to his brother are so confused that no rational conclusion can be drawn from them.

We have examined the objections raised by appellant to exclusion below of certain testimony which appellant sought to introduce. The contentions are without merit.

Judgment affirmed.

CHAMBERS, Circuit Judge (dissenting).

I dissent. Probably more justice would be done if we adhered to the strict record of what military personnel had done at the Veterans Administration in way of designation of beneficiaries rather than probing miscellaneous statements of the deceased. However, I do not object too strenuously to Kendig and Aguilar, cited supra. I accept them. But there the trial court found the facts only one way: that everything the veteran did was consistent and pointed to intent to change a beneficiary.

I agree with the majority that the quoted statement of the decedent made to his brother is inconclusive. I would agree that Kendig and Aguilar govern if the trial court had disbelieved Virginia Barbee, the decedent's sister. But the trial judge believed everybody, believed that Wallace Gulley told his sister, Virginia, in May, 1946, that he, Wallace, was having trouble with Mary Jane and had left his insurance the way he had previously made it out, that is, to his mother.

I believe the trial court thought Kendig was applicable, but I would not apply it when there is a finding that the marine did tell his wife on separate days that his insurance ran to her and then in between statements to the wife tells his sister that it is made payable to his mother. We take enough risk when we change the beneficiary upon the basis of a confidential statement, which in many cases may in fact actually be a statement made only for the reason that the marine has a present intention to change his beneficiary. To go ahead and change the policy when the marine has made subsequent inconsistent statements seems to me to accept too weak proof.