Mary M. BEHRENS, Appellant,

v.

UNITED STATES of America, and Wilda L. Dinnell, Appellees.

No. 17458.

United States Court of Appeals
Ninth Circuit.

Feb. 15, 1962.

---

Lerrigo, Thuesen & Thompson, Maurice E. Smith, Fresno, Cal., for the appellant.

Summers & Watson, Champaign, Ill., John Said, Fresno, Cal., for the appellee Dinnell.

Before POPE, HAMLIN and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

The problem presented by this case is whether Henry Dinnell, a deceased serviceman, effectively changed the benefici-

ary of his National Service Life Insurance from his former wife, Mary M. Behrens, the appellant herein, to his widow, Wilda L. Dinnell, the appellee herein.[1]

A suit was brought in the United States District Court for the Southern District of California, Northern Division, under the provisions of 38 U.S.C.A. § 784 after the Veterans Administration Board of Veterans Appeals had determined that Henry Dinnell had changed the beneficiary of his National Service Life Insurance to the appellee, his widow. Pursuant to stipulation of the parties the sole evidence before the district court was the serviceman's record in the hands of the Veterans Administration. Judgment was for the widow and the former wife appeals. We have jurisdiction by virtue of 28 U.S.C.A. § 1291.

Many cases have involved questions similar to those presented by the instant case.[2] A serviceman may effectively change the designation of beneficiary of his National Service Life Insurance without strictly adhering to the procedures set out in government regulation. The widely accepted rule is that two conditions are necessary in order to change the designation of beneficiary of National Service Life Insurance without having completed the prescribed forms.

First, the serviceman must have intended to change his beneficiary. Secondly, he must have done an overt act directed toward accomplishing his intent to change the beneficiary.[3] This rule has been followed by this circuit.[4]

The appellant contends that the evidence is insufficient to support the judgment of the district court that the beneficiary was changed to the widow from the appellant, the former wife. Specifically, it is contended that the evi-

---

1. The United States is in the position of a stakeholder in this case having admitted liability on the policy in question.

2. The cases are collected in Annot. 2 A.L.R.2d 489–511.

3. E.g., Mitchell v. United States, 165 F.2d 758 (5th Cir. 1948).

4. Aguilar v. United States, 226 F.2d 414 (9th Cir. 1955); Kendig v. Kendig, 170 F.2d 750 (9th Cir. 1948). See also Gulley v. Gulley, 231 F.2d 5 (9th Cir. 1956).

dence fails to reveal an overt act sufficient to accomplish a change of beneficiary.

The evidence is undisputed. It shows that prior to his divorce from appellant Henry Dinnell had named the appellant the beneficiary of his $10,000 National Service Life Insurance policy. This official designation of beneficiary was never formally changed. However, in 1954, after he had divorced appellant and had married the appellee, the serviceman executed a DD Form 93, Record of Emergency Data. In the space prescribed for designation of beneficiary for benefits of an indemnity plan the serviceman named the appellee as beneficiary for "100%". The DD Form 93 contained written advice to the effect that the form did not operate to change designation of beneficiaries under any insurance contract issued by the United States Government. The witness to the serviceman's signing of the DD Form 93 made a statement to the Veterans Administration that to the best of his knowledge Henry Dinnell knew of his $10,000 National Service Life Insurance policy and that he intended at that time to designate his present wife, the appellee, the beneficiary thereof. Other evidence was to the effect that the way to change beneficiaries was confusing to servicemen and that the DD Form 93 had been used in the past for this purpose. After the completion of the DD Form 93 several letters were received by appellee from Henry Dinnell which included references to his insurance.[5] Also in evidence was a Department of Defense Special Bulletin which contained information relating to insurance and recent changes in the law. On the bulletin were notations by the serviceman which tended to corroborate his intent to have his widow benefit from his National Service Life Insurance.

On the basis of the record and the circumstances in this case we are unable to say that the findings of the district court are clearly erroneous or that there was insufficient evidence to support the judgment.

In Kendig v. Kendig, 170 F.2d 750 (9th Cir. 1948), the contest for the proceeds of the deceased serviceman's insurance was between his mother, the named beneficiary, and his wife. The serviceman had told his wife that he had changed the beneficiary of his insurance in her favor. The serviceman's brother testified that the serviceman had said that he had changed his beneficiary from his mother to his wife. A confidential statement signed by the serviceman declared that he held a National Service Life Insurance policy in the amount of $10,000 of which his wife was beneficiary. In light of the above this court held that there was sufficient evidence of a change of beneficiary to require submission of the case to the jury. The court said:

"In cases involving a change of beneficiary under war risk insurance policies the courts have striven to effectuate the manifest intention of the insured provided always he has taken some affirmative action evidencing an exercise of the right to change. There have been differences of opinion only as to the degree or nature of the action necessary to effect the substitution. Strict compliance with the administrative regulation is not exacted.[6]"

In Aguilar v. United States, 226 F.2d 414 (9th Cir. 1955), the contest for the proceeds of insurance was between the serviceman's father, the named beneficiary, and his wife. In addition to other statements of an intent to change bene-

---

5. In one letter dated December 8, 1956, the serviceman wrote:
"I guess I told you before but I sent my insurance in Saturday, so I am sending you a copy of the new Survivors Benefits and this new deal is better than insurance, but I'll have both so baby if something does happen to me you will be sitting on easy St. You will be getting money from 4 sources * * * and that should take care of my baby."
Accompanying this letter was a publication upon which the four sources referred to were set forth. One of the sources was "Insurance".

6. 170 F.2d at 751.

ficiary the serviceman had written a letter to his wife containing the following: "I straightened out everything today. I changed everything to your name. For instance my G.I. insurance". The intent of the serviceman to change beneficiary was conceded, but it was argued that there was no affirmative act toward accomplishing the purpose. In reply to this contention this court said:

> "In the letters written by the veteran we think there is evidence of a past act which is of much greater moment than the recorded statement of the veteran in the Kendig case * * *." [7]

There is nothing in Ferguson v. Knight, 264 F.2d 176 (5th Cir. 1959), cited to us by the appellant on oral argument, which is inconsistent with our decision in this case. In Ferguson the sister of the serviceman claimed to be beneficiary of his insurance by virtue of a DD Form 93, the same emergency data form involved in the instant case. The trial court directed a verdict for the wife (the named beneficiary) and this was affirmed on appeal. While we might agree with the court in Ferguson that a DD Form 93 by itself would not be sufficient proof of a change of beneficiary, it is unnecessary to decide that question. In the instant case the DD Form 93 is not the only evidence of a change of beneficiary. We have outlined above that the deceased serviceman had written letters to the appellee concerning his insurance, that the witness to the signing of the DD Form 93 believed that it was intended to effect a change of beneficiary, etc. In Ferguson the court, referring to the DD Form 93 and its provision that it was non-operative to change beneficiaries of insurance contracts issued by the United States, said:

> "Flying in the face of the precise terms of the instrument and without any proof of the circumstances under which the form was asked for and signed, appellant's evidence amounted to no more than surmise, speculation, and conjecture * * *." [8]

The above language seems to recognize that additional proof coupled with the form would be sufficient to raise it to a dignity above mere "surmise, speculation and conjecture" and to effect a change of beneficiary.

In a more recent case in the Fifth Circuit, where Ferguson was decided, Hawkins v. Hawkins, 271 F.2d 870 (5th Cir. 1959), the serviceman filled out a form, similar to the DD Form 93 involved herein, in favor of his present wife. The named beneficiary of his insurance was his former wife. The court reversed a summary judgment for the named beneficiary stating that the case should go to a jury. Appellant's reliance on Hawkins is misplaced.

It has been recognized that each of these insurance cases must be decided in light of its own facts.[9] This court has said that the "strictness applied in determining whether a change has been consummated varies in the circuits." [10] Although it might have been possible for the district court to rule for the appellant, we believe that under all the circumstances of this case the finding of intent to change beneficiary is not clearly

---

7. 226 F.2d at 416.

8. 264 F.2d at 179.

9. Mitchell v. United States, 165 F.2d 758, 761 (5th Cir. 1948).

10. Aguilar v. United States, 226 F.2d 414, 415 (9th Cir. 1955).
That the Fifth Circuit (where Ferguson was decided) is not too strict in its requirements for an overt act is evidenced by its opinion in Gann v. Meek, 165 F.2d 857 (5th Cir. 1948). In Gann the named beneficiary was the wife and the claimant was the mother. The serviceman had written a letter to his brother wherein he stated: "I did change my insurance if anyone gets it Mom will get it all * * *." Although the Veterans Administration had no record of a change of beneficiary the court held that under the circumstances of mail carriage during the war in the Pacific the letter to the brother would be sufficient evidence of an overt act and intent to effect a change of beneficiary.

erroneous and the evidence is sufficient to show an overt act directed toward accomplishing the intent.

The judgment is supported by substantial evidence and is therefore affirmed.