Ruth Amelia **WILKINS**

v.

**UNITED STATES** of America and
Myrtle C. Wilkins.

Civ. A. 9600.

United States District Court
W. D. Pennsylvania.
Aug. 3, 1955.

John M. Gallagher, Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This case was tried non-jury before the late Judge Stewart in October of 1952. It was assigned to this court on July 11, 1955. I have conferred with counsel for all the parties. It has been orally agreed by all counsel that I may decide this case upon the record without argument.

The plaintiff, Ruth Amelia Wilkins, wife of Robert R. Wilkins, a former member of the United States Army Air Corps who was killed in action while on active duty, hereinafter referred to as the insured, brings this action to recover on a policy of insurance issued to the insured under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. She sues the United States of America and Myrtle C. Wilkins, the mother of the insured. The defendant, Myrtle C. Wilkins, has filed an answer claiming such insurance, and the Government has answered setting forth in effect that both the mother and the wife of the insured claim the insurance and asks the court to determine which is entitled to receive it. Upon all the evidence, the court makes the following:

## Findings of Fact

1. Plaintiff is a resident of Pittsburgh, Allegheny County, Pennsylvania.

2. The individual defendant is a resident of Pittsburgh, Allegheny County, Pennsylvania.

3. The insured was a member of the Army of the United States from April 24, 1941 to August 29, 1943, when he became a member of the United States Army Air Forces and served with those forces until November 21, 1944, when he was killed in action.

4. On June 18, 1942, the insured applied for a United States life insurance policy in the amount of $10,000, naming as principal beneficiary his mother, Myrtle C. Wilkins, the individual defendant, and as contingent beneficiary his father.

5. This policy was granted to insured as of May 21, 1942.

6. The plaintiff married the decedent on August 28, 1943, and on May 26, 1944, a daughter, Susan Marie. Wilkins, was born of this marriage.

7. In May, 1944, at Biggs Field, El Paso, Texas, the insured filled out and filed a clearance sheet stating Ruth Amelia Wilkins, plaintiff, to be the beneficiary under his National Service Life Insurance Policy.

8. This clearance sheet executed at Biggs Field, El Paso, Texas, has disappeared, and a copy thereof was not available at the time of the hearing.

9. In May, 1944, at Topeka, Kansas, the insured similarly filled out and filed a second clearance sheet stating Ruth Amelia Wilkins to be the beneficiary under his National Service Life Insurance Policy.

10. This clearance sheet has also disappeared and a copy thereof was not available at the time of the hearing.

11. Subsequent to the execution of these clearance sheets, the insured orally informed members of his crew that the beneficiary of his National Service Life Insurance Policy was Ruth Amelia Wilkins, plaintiff. At some time prior to the execution of these clearance sheets and prior to the dates on which the insured orally informed members of his crew that the beneficiary of his policy was plaintiff, the insured executed the forms necessary to effectuate a change of beneficiary from his mother to his wife.

12. However, this form was mislaid or disappeared and no change on the policy records of the Veterans' Administration was ever executed.

13. On June 5, 1945, the War Department issued a report of death listing as the first beneficiary Mrs. Ruth Amelia Wilkins, plaintiff.

14. On April 2, 1946, the Veterans' Administration received an undated letter from the plaintiff in which she claimed to be beneficiary of the National Service Life Insurance policy issued to the insured.

15. In a letter dated November 25, 1946, the Veterans' Administration disallowed the claim of the plaintiff.

16. Payments had been made by the United States of America to Myrtle C. Wilkins, the individual defendant, in the amount of $4,215.90, she being the designated beneficiary in the insurance records of the Veterans' Administration.

Conclusions of Law

1. This Court has jurisdiction of the subject matter involved in this action under the National Service Life Insurance Act of 1940, as amended, 38 U.S.C. A. § 801 et seq.

2. In order to change the named beneficiary of a National Service Life Insurance policy, the insured must express an intention to do so and do an affirmative act to effectuate this change in accordance with his manifest intention. Prose v. Davis, 7 Cir., 1949, 177 F.2d 478, certiorari denied 339 U.S. 920, 70 S. Ct. 624, 94 L.Ed. 1344; Shapiro v. United States, 2d Cir., 1948, 166 F.2d 240.

3. Plaintiff bears the burden of proving the change of beneficiary.

4. Plaintiff has met the burden of proving the intent for the affirmative act necessary to effectuate a change in beneficiary.

5. Change of beneficiary was effectuated in this case from the original beneficiary, Myrtle C. Wilkins, individual defendant, to Ruth Amelia Wilkins, plaintiff.

6. Plaintiff is therefore entitled to the proceeds of the National Service Life Insurance policy issued to the insured.

7. The United States is entitled to a credit of $4,215.90 against the face value of the policy by virtue of the provisions of the National Service Life Insurance Act, 38 U.S.C.A. § 802, subsection (l).

8. Plaintiff is entitled to judgment against the United States of America in the amount of $5,784.10, to be paid pursuant to the provisions of the National Service Life Insurance Act.

9. John M. Gallagher, attorney for plaintiff, shall be paid 10% of such payments, in accordance with the terms of the Act.

10. Judgment will be entered accordingly.

### Discussion

■ It is clear from the many decisions by various courts that in cases involving change of beneficiary in military service policies, the rule is as stated in Prose v. Davis, supra, at page 481 of 177 F.2d, that the Courts " * * * will brush aside legal technicalities in order to effectuate the manifest intent of the insured, and if the insured has expressed an intention to change the beneficiary originally named in his policy and done an affirmative act to effectuate the change, leaving only ministerial acts to be performed by the insurer, they will treat as done that which should have been done and give effect to his intent. * * *" Shapiro v. United States, supra; Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758; Collins v. United States, 10 Cir., 1947, 161 F.2d 64; and Roberts v. United States, 4 Cir., 1946, 157 F.2d 906.

■ There was no question under the evidence presented in this case with respect to whether the insured had expressed an intention to change the beneficiary, nor was there any question that the final ministerial acts had not been performed by the insured. Rather, the problem was whether the insured had done an affirmative act to effectuate this change of beneficiary. The direct evidence produced by the plaintiff showed that the insured had executed two clearance papers at two distinct and separate bases, stating his wife, the plaintiff herein, to be the beneficiary of his National Service Life Insurance policy; that these two papers were mislaid or disappeared and were unavailable at the trial; that the insured had on various occasions subsequent to the execution of the above clearance papers stated to other members of his crew that his wife was the beneficiary; and that the "report of death" of the insured made by the Adjutant General of the War Department to the Veterans' Administration, giving full information with respect to the insured, including the date of his birth, the date of his entry into active service, length of service, date of death, place of death, *showed his wife to be first beneficiary*. We think that a proper and reasonable inference may be drawn from this evidence to the effect that the insured executed another form in an effort to effectuate a change of beneficiary, and that this form, like the two clearance sheets referred to above, was mislaid or disappeared. In Walker v. United States, D.C.S.D.Tex.1947, 70 F.Supp. 422, 425, that Court reached a similar conclusion based primarily upon the "report of death" made by the Adjutant General and which indicated a first beneficiary other than the one appearing on the Veterans' Administration records. Since we have found as a fact that the insured did take an affirmative step toward effectuating his intention of changing his beneficiary, we conclude that the change was effectuated although the ministerial acts necessary to do so were not performed by the insured. Accordingly, judgment will be entered for the plaintiff.