Sigrid A. **PATTERSON**, Plaintiff,

v.

**UNITED STATES of America,**
Defendant and Third-Party
Plaintiff,

v.

Carrie **PATTERSON**, Mabel Patterson,
and Sigrid A. Patterson.

**Civ. A. No. 66-544.**

United States District Court
D. Massachusetts.

June 26, 1967.

Lawrence H. Adler, Boston, Mass., for plaintiff.

George A. Sheehy, Asst. U. S. Atty., for defendant and interpleader.

Herman W. Hemingway, Roxbury, Mass., for defendant Carrie Patterson and interpleader.

Thomas W. Wallace, Jr., Worcester, Mass., for defendant Mabel Patterson and interpleader.

## OPINION

CAFFREY, District Judge.

This is an action brought to determine who of three claimants is entitled to the proceeds of a policy of National Service Life Insurance. The claimants are plaintiff Sigrid A. Patterson, Carrie Patterson and Mabel Patterson. The United States, original defendant, as part of its answer filed a counterclaim for interpleader, admitting liability under the policy, adding Carrie Patterson and Mabel Patterson as parties, and indicating a willingness to pay the proceeds of the policy to the person this Court finds is legally entitled thereto. After trial I find and rule as follows:

Lawrence C. Patterson entered into the military service of the United States on July 3, 1942 and served in the United States Army until he retired on April 30, 1965. On August 10, 1943 he filed an application for National Service Life Insurance in the amount of $10,000. In the course of filling out the application form (Pltf. Ex. 1), he designated in Box 11 thereof his mother Carrie Patterson, as principal beneficiary in the amount of $5,000 and his then wife, Mabel Patterson, as contingent beneficiary in the amount of $5,000. He made no designation as to the remainder of the policy, which was issued to him in due course. On May 9, 1946, Sergeant Patterson filed a petition for divorce from Mabel Patterson in the District Court of the United States for the District of Columbia, and on January 9, 1947 he received a decree of absolute divorce on the grounds of adultery. Patterson married Sigrid A. Patterson in Munich, Germany, in August 1950. Thereafter, his son Claus was born on June 24, 1952 and his daughter Monica on January 20, 1959. In May 1952, the 8056th QM Company, in which Patterson served as First Sergeant, was transferred from Fort Devens, Massachusetts, to Goose Bay, Labrador, for temporary duty. Before the move, according to the testimony of Maurice Pollen, who in 1952 was company clerk of the 8056th QM Company, Sgt. Patterson attempted, unsuccessfully, to obtain a transfer from the 8056th and thus avoid the trip to Labrador because his wife was then expecting. While in Labrador, where the Company was quartered in a tent city without any permanent buildings, Patterson told Pollen that he wished to make a change of beneficiary in favor of Sigrid A. Patterson for the full policy, and he then executed, on a Government form, a change of beneficiary of his National Life Insurance policy designating his second wife, Sigrid A. Patterson, as sole beneficiary thereunder. Pollen testified that he read this paper after its execution by Patterson. Pollen forwarded this document "through channels" to Battalion Headquarters which was then located at Goose Bay. The 8056th received 24-hour notice to return to the United States in October 1952, whereupon it was deactivated and its personnel transferred to other units. The change of beneficiary form was never received by the Veterans Administration. However, the Veterans Administration did receive and honor a letter written by Patterson on October 3, 1962 (Pltf. Ex. 3) requesting that certain dividends from his insurance policy be paid to his wife Sigrid. Sigrid Patterson testified and I find that Sergeant Patterson told her on several oc-

casions that he had made her the beneficiary and that she was to use the proceeds to discharge a mortgage on their home if he died prior to the discharge of the mortgage. She also testified and I find that she received annual dividends on the policy after the October 3, 1962 letter. Sergeant Patterson died on June 24, 1965, six weeks after his retirement from the Army, leaving the plaintiff and their two children as his heirs at law, with the National Service Life Insurance policy in full force and effect.

I further find that because of an understatement of his age by Patterson in the policy he underpaid premiums and also received an overpayment of dividends, with the result that the face amount of the policy is $9769.72 rather than $10,000.

38 U.S.C.A. sec. 749 establishes the right of an insured under National Service Life Insurance to change the beneficiary at any time. It provides in pertinent part:

"Subject to regulations, the insured shall at all times have the right to change the beneficiary * * * without the consent of such beneficiary or beneficiaries."

The regulation of the Veterans Administration, 38 C.F.R. sec. 8.47 provides:

" * * * A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans Administration by the insured or his agent. * * * Upon receipt by the Veterans Administration a valid * * * change of beneficiary shall be deemed to be effective as of the date of execution. * * * "

■ The reported opinions interpreting the statute and regulation establish that a party claiming the benefits of an alleged change of beneficiary by the serviceman has the burden of proving (1) that the serviceman intend-

ed to change his beneficiary, and (2) that he did an overt act directed toward accomplishing fulfillment of this intention. Criscuolo v. United States, 239 F. 2d 280 (7th Cir. 1956); Benard v. United States, 368 F.2d 897 (8th Cir. 1966). In Senato v. United States, 173 F.2d 493 at p. 495 (2d Cir. 1949), the Court said:

"It has been repeatedly held where the intent of the insured to change the beneficiary is established, though action must be taken by him to carry out that intent it need not necessarily be in compliance with the literal requirements of applicable regulations so long as he might reasonably be supposed to have thought it enough."

See, also Roberts v. United States, 157 F.2d 906 (4th Cir. 1946), cert. denied 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278 (1948); Boring v. United States, 181 F.2d 931 (10th Cir. 1950).

■ The evidence in the instant case is clear, convincing and uncontradicted. I find and rule that Sergeant Patterson intended to effect a change of beneficiary making his wife, Sigrid A. Patterson, the sole beneficiary of the entire proceeds of his National Service Life Insurance policy, that he took affirmative overt action to carry out that intention, that the action he took was reasonable and practical in the light of the circumstances in which he found himself in Labrador, that he thereafter expressed the belief that he had changed the beneficiary, and that this is a clear case for applying the ancient equitable maxim that a court of equity will treat as done that which should have been done, and give effect to the insured's intention. Wilkins v. United States, 134 F.Supp. 408 (W.D.Pa.1955).

I rule that the United States is to pay the entire proceeds of the National Service Life Insurance policy to plaintiff Sigrid A. Patterson.

Judgment accordingly.