Jennie **TIERNEY**
and
Nancy Lee Diorio, Plaintiffs,
v.
**UNITED STATES of America**
and
Mary D. Diorio, Defendants.
Civ. A. No. 66–494.

United States District Court,
D. Massachusetts.
June 19, 1970.

William J. Doyle, Alan Chapman, Boston, Mass., for plaintiffs.

Herbert F. Travers, Jr., U. S. Atty., Dept. of Justice, James N. Gabriel, Asst. U. S. Atty., Dept. of Justice, Boston, for United States.

Sebastian M. Ruggeri, Boston, Mass., for Mary D. Diorio.

## MEMORANDUM OF DECISION

FRANK J. MURRAY, District Judge.

This is an action under 38 U.S.C. section 784 by Jennie Tierney, a surviving sister of the late Frank P. Diorio (insured), and by Nancy Lee Diorio, now Nancy Lee Myers since her marriage, daughter of the insured, to recover judgment for the amount of the National Service Life Insurance policy (policy), ten thousand dollars, held by the insured at the time of his death. The defendant Mary D. Diorio (Mary) is the widow of the insured. The United States holds the proceeds of the policy and is ready to pay the same to the person or persons adjudged entitled thereto. The cause came on to be heard by the court without jury on evidence offered by the parties, except the United States. This memorandum contains the findings and rulings of the court, Fed.R.Civ.P. 52(a).

The insured was married, divorced, and then remarried. On February 24, 1954, while married to his first wife—but separated from her—the insured changed the beneficiary under the policy by eliminating his wife as such beneficiary and by substituting therefor his daughter, plaintiff Nancy, and his sister, plaintiff Jennie. He provided in the document effecting the change that each should receive $5,000.00 of the proceeds, but Nancy should receive the entire proceeds of $10,000.00 if Jennie did not survive the insured. When completed, he forwarded it to the Veterans Administration for recording. The insured divorced his first wife in 1961, and married Mary in March 1962. In 1961 the insured wrote to the Veterans Administration requesting information as to his beneficiary designation then in force, and also requested a form for change of beneficiary. A reply to the letter was given by the Veterans Administration and the requested form was transmitted to him. In January 1962 (before his marriage to Mary) he wrote the Veterans Administration saying that he would like to change the beneficiary of his policy, and requested V.A. Form 9-336 for that purpose. In accordance with his request the form was transmitted to him. On April 4, 1962, in the presence of his wife, Mary, and William F. Walsh, an attorney who had acted for him on several occasions, the insured signed V.A. Form 9-336, which became Exhibit 2 at the trial and is incorporated herein [Exhibit 2 is filed with the decision of the court] and made part of these findings. It purports to designate Mary as principal beneficiary of the policy in the full amount of $10,000.00, and

Eleanor Frances Diorio, sister of the insured, as contingent beneficiary. After signing the form, Exhibit 2, the insured placed it in a "strong box" which he kept in his home. The executed form was never mailed to the Veterans Administration, and Mary found it among the insured's papers after his sudden death on August 28, 1964. Mary delivered the form, Exhibit 2, to the Veterans Administration, on September 30, 1964. On June 6, 1964 the insured made a will bequeathing all his estate to Mary, and set forth expressly therein that he intentionally omitted Nancy from the will.

■ The insured, of course, had the right under the policy to change the beneficiary, without consulting the beneficiary and without her or their consent. Where there is a beneficiary named, as the plaintiffs here were named in the designation made by the insured and filed with the Veterans Administration on February 24, 1954, one who claims as a substituted beneficiary has the burden of proving the change. Stribling v. United States, 293 F.Supp. 1293 (D.C. Ark.1968); Spaulding v. United States, 261 F.Supp. 232 (D.C.Okl.1966). That is the position in which the defendant Mary stands in the case. She must establish by a fair preponderance of the evidence that the insured intended to make her the beneficiary of the policy, and that he took steps which were directed toward fulfillment of such intention. United States v. Colligan, Civil No. 65–473–M (D.C.Mass., filed September 29, 1967); Patterson v. United States, 269 F.Supp. 890 (D.C.Mass. 1967). It is not necessary that there be literal compliance with the provisions of the policy as to change of beneficiary. But it must be proved that the insured has done everything reasonably within his power to effectuate the change. Benard v. United States, 368 F.2d 897 (8th Cir. 1966); Mitchell v. United States, 165 F.2d 758 (5th Cir. 1948); United States v. Colligan, supra at 5, 6. Both the fact of intention and the fact of reasonably adequate action to carry out his intention must be proved. If in this case Mary fails to prove either of the required facts, the decision must be against her. Patterson v. United States, supra at 892; Berk v. United States, 294 F.Supp. 578 (D.C.N.Y.1969).

■ This case presents the not unusual circumstances of a deceased who had arranged his affairs to favor several objects of his benefactions. It is not a case of the benefactor either failing to appreciate, or being influenced to deprive, one who, in the ordinary relations of a marriage, might normally be regarded as the natural object of his entire bounty. There is not the slightest doubt that the insured maintained love and affection for Mary, and among other ways expressed it in providing for her under his will. Neither is there any doubt that he maintained and frequently expressed his love and affection for his daughter Nancy, even after his marriage to Mary. And it is also clear he was fond of his sisters. He could see nothing incompatible in showing his love and affection for his wife, his daughter and his sister Jennie by distributing his modest estate among them, and neither does this court. He was fully aware he had designated Nancy and Jennie his beneficiaries under the policy, and aware that to eliminate them and substitute Mary as beneficiary required both execution of the form and transmittal of it to the Veterans Administration. He was aware that Mary desired him to make her beneficiary of the policy. It is conceivable that he considered doing so after signing the form, Exhibit 2, and possible that he may have vacillated for a time whether or not to do so. But he may also have believed that the harmonious relations between them might better continue if she thought, as she did, after the execution of the form, that he had mailed it to the Veterans Administration. In any event he did not discuss with her what he had done with it. He kept the form in his "strong box" from April 4, 1962 until his death on August 28, 1964—a period

of more than two years—during which time his declarations show he had no intention of changing the beneficiary. The evidence before the court fails to prove that the insured intended to substitute Mary as beneficiary, or that the insured took effectual steps to eliminate plaintiffs as beneficiaries under the policy.

Accordingly, judgments shall enter for plaintiff Nancy in the amount of $5,000.00, and for plaintiff Jennie in the amount of $5,000.00.